ORIGINAL

1  THOMAS E. FRANKOVICH (State Bar No. 074414)
   THOMAS E. FRANKOVICH,
2  2806 Van Ness Avenue
   San Francisco, CA 94109
3  Telephone:    415/674-8600
   Facsimile:    415/674-9900
4
   Attorneys for Plaintiffs
5  PATRICK CONNALLY                        **E-filing**
   and DISABILITY RIGHTS
6  ENFORCEMENT, EDUCATION,
   SERVICES: HELPING YOU
7  HELP OTHERS

8

9                    UNITED STATES DISTRICT COURT

10                NORTHERN DISTRICT OF CALIFORNIA

11  PATRICK CONNALLY, an individual; and )   **CASE NO.**           **2163**
    DISABILITY RIGHTS, ENFORCEMENT, )        **Civil Rights 08**
12  EDUCATION, SERVICES:HELPING YOU )
    HELP OTHERS, a California public benefit )  **COMPLAINT FOR INJUNCTIVE RELIEF**
13  corporation,                          )   **AND DAMAGES:**
                                          )
14        Plaintiffs,                     )   **1st CAUSE OF ACTION:** For Denial of Access
                                          )   by a Public Accommodation in Violation of the
15  v.                                    )   Americans with Disabilities Act of 1990 (42
                                          )   U.S.C. §12101, *et seq.*)
16  ALL STAR DOUGHNUTS; ALKAR            )
    PROPERTIES LLC, a limited liability   )   **2nd CAUSE OF ACTION:** For Denial of Full
17  company; HO CHAY LY and PAUL VAN )       and Equal Access in Violation of California
    LY, individuals dba ALL STAR          )   Civil Code §§54, 54.1 and 54.3
18  DOUGHNUTS,                            )
                                          )   **3rd CAUSE OF ACTION:** For Denial of
19        Defendants.                     )   Accessible Sanitary Facilities in Violation of
                                          )   California Health & Safety Code §19955, *et seq.*
20  _____
                                             **4th CAUSE OF ACTION:** For Denial of
21                                           Access to Full and Equal Accommodations,
                                             Advantages, Facilities, Privileges and/or
22                                           Services in Violation of California Civil Code
                                             §51, *et seq.* (The Unruh Civil Rights Act)
23

24

25                                           **DEMAND FOR JURY**

26                                                              

27

28

1    Plaintiffs PATRICK CONNALLY, an individual; and DISABILITY RIGHTS,
2  ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California
3  public benefit corporation (hereinafter sometimes referred to as "DREES"), complain of
4  defendants ALKAR PROPERTIES LLC, a limited liability company; HO CHAY LY and PAUL
5  VAN LY, individuals dba ALL STAR DOUGHNUTS and allege as follows:

6  **INTRODUCTION:**

7    1.    This is a civil rights action for discrimination against persons with physical
8  disabilities, of which class plaintiff PATRICK CONNALLY and the membership of DREES are
9  members, for failure to remove architectural barriers structural in nature at defendants' ALL
10  STAR DOUGHNUTS, a place of public accommodation, thereby discriminatorily denying
11  plaintiffs and the class of other similarly situated persons with physical disabilities access to, the
12  full and equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities,
13  services, and accommodations thereof. Plaintiffs seek injunctive relief and damages pursuant to
14  the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code
15  §§51, 51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

16    2.    Plaintiff PATRICK CONNALLY is a person with physical disabilities who, on or
17  about September 14, 2007, October 18, 2007, November 15, 2007, March 13, 2008, March 31,
18  2008 and April 8, 2008, was an invitee, guest, patron, customer at defendants' ALL STAR
19  DOUGHNUTS, in the City of San Francisco, California. At said time and place, defendants
20  failed to provide proper legal access to the ALL STAR DOUGHNUTS, which is a "public
21  accommodation" and/or a "public facility" including, but not limited to entrance. The denial of
22  access was in violation of both federal and California legal requirements, and plaintiff PATRICK
23  CONNALLY suffered violation of his civil rights to full and equal access, and was embarrassed
24  and humiliated.

25  **JURISDICTION AND VENUE:**

26    3.    **Jurisdiction:**  This Court has jurisdiction of this action pursuant to 28 U.S.C.
27  §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*
28  Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

2

1 nucleus of operative facts and arising out of the same transactions, are also brought under parallel
2 California law, whose goals are closely tied with the ADA, including but not limited to violations
3 of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et*
4 *seq.*, including §19959; Title 24 California Building Standards Code.

5  4.  **Venue:**  Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is
6 founded on the facts that the real property which is the subject of this action is located at/near
7 901 Clement Street, in the City and County of San Francisco, State of California, and that
8 plaintiffs' causes of action arose in this county.

9 **PARTIES:**

10  5.  Plaintiff PATRICK CONNALLY is a "physically handicapped person", a
11 "physically disabled person", and a "person with physical disabilities" (hereinafter the terms
12 "physically disabled", "physically handicapped" and "person with physical disabilities" are used
13 interchangeably, as these words have similar or identical common usage and legal meaning, but
14 the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically
15 handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54, 54.1 and 55, and other
16 statutory measures refer to protection of the rights of "physically disabled persons"). Plaintiff
17 PATRICK CONNALLY is a "person with physical disabilities", as defined by all applicable
18 California and United States laws. Plaintiff has severe traumatic head injury, chronic arthritis in
19 upper extremities and constant joint inflammation, pain and swelling. Plaintiff PATRICK
20 CONNALLY requires the use of a wheelchair to travel about in public. Consequently, plaintiff
21 PATRICK CONNALLY is a member of that portion of the public whose rights are protected by
22 the provisions of Health & Safety Code §19955, *et seq.* (entitled "Access to Public
23 Accommodations by Physically Handicapped Persons") and the protections of the Unruh Civil
24 Rights Act, Civil Code §§51 and 51.5 the Disabled Persons Act, Civil Code §54, and the
25 Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*

26  6.  Plaintiff DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES:
27 HELPING YOU HELP OTHERS ("DREES") is a nonprofit (501(c)(3)) organization that works
28 with persons with disabilities to empower them to be independent in American society. DREES

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

3

1  accomplishes its goals and purposes through education on disability issues, enforcement of the

2  rights of persons with disabilities, and the provision of services to persons with disabilities, the

3  general public, public agencies and the private business sector. DREES brings this action on

4  behalf of its members, many of whom are persons with physical disabilities and whom have

5  standing in their right to bring this action.

6      7.    That members of DREES, like plaintiff PATRICK CONNALLY, will or have

7  been guests and invitees at the subject ALL STAR DOUGHNUTS, and that the interests of

8  plaintiff DREES in removing architectural barriers at the subject doughnut house advance the

9  purposes of DREES to assure that all public accommodations, including the subject doughnut

10  house, are accessible to independent use by mobility-impaired persons. The relief sought by

11  plaintiff DREES as alleged herein is purely statutory in nature.

12      8.    Defendants ALKAR PROPERTIES LLC, a limited liability company; HO CHAY

13  LY and PAUL VAN LY, individuals dba ALL STAR DOUGHNUTS (hereinafter alternatively

14  collectively referred to as "defendants") are the owners and operators, lessors and/or lessees, or

15  agents of the owners, lessors and/or lessees, of the public accommodation known as ALL STAR

16  DOUGHNUTS, located at/near 901 Clement Street, San Francisco, California, or of the building

17  and/or buildings which constitute said public accommodation.

18      9.    At all times relevant to this complaint, defendants ALKAR PROPERTIES LLC, a

19  limited liability company; HO CHAY LY and PAUL VAN LY, individuals dba ALL STAR

20  DOUGHNUTS, own and operate in joint venture the subject ALL STAR DOUGHNUTS as a

21  public accommodation. This business is open to the general public and conducts business

22  therein. The business is a "public accommodation" or "public facility" subject to the

23  requirements of California Civil Code §§51, 51.5 and 54, *et seq.,* Health and Safety code §19955,

24  *et seq.,* and the ADA, 42 U.S.C. §12101, *et seq.*

25  ///

26  ///

27  ///

28

1      10.    At all times relevant to this complaint, defendants ALKAR PROPERTIES LLC, a

2  limited liability company; HO CHAY LY and PAUL VAN LY, individuals dba ALL STAR

3  DOUGHNUTS are jointly and severally responsible to identify and remove architectural barriers

4  at the subject ALL STAR DOUGHNUTS pursuant to Code of Federal Regulations title 28,

5  section 36.201(b), which states in pertinent part:

6          **§ 36.201    General**

7            (b) *Landlord and tenant responsibilities.* Both the landlord
who owns the building that houses a place of public
8         accommodation and the tenant who owns or operates the place of
public accommodation are public accommodations subject to the
9         requirements of this part.  As between the parties, allocation of
responsibility for complying with the obligations of this part may
10        be determined by lease or other contract.

11         28 CFR §36.201(b)

12  **PRELIMINARY FACTUAL ALLEGATIONS:**

13      11.    The ALL STAR DOUGHNUTS, is a bakery, located at/near 901 Clement Street,

14  San Francisco, California.  The ALL STAR DOUGHNUTS, its entrance, and its other facilities

15  are each a "place of public accommodation or facility" subject to the barrier removal

16  requirements of the Americans with Disabilities Act.  On information and belief, each such

17  facility has, since July 1, 1970, undergone "alterations, structural repairs and additions", each of

18  which has subjected the ALL STAR DOUGHNUTS and each of its facilities, its entrance to

19  disability access requirements per the Americans with Disabilities Act Accessibility Guidelines

20  (ADAAG), and Title 24 of the California Code of regulations (Title 24).

21      12.    At all times stated herein, plaintiff PATRICK CONNALLY was a member of

22  DREES.

23      13.    At all times referred to herein and continuing to the present time, defendants, and

24  each of them, advertised, publicized and held out the ALL STAR DOUGHNUTS as being

25  handicapped accessible and handicapped usable.

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1      14.    On or about September 14, 2007, October 18, 2007, November 15, 2007, March

2  13, 2008, March 31, 2008 and April 8, 2008, plaintiff PATRICK CONNALLY was an invitee

3  and guest at the subject ALL STAR DOUGHNUTS, for purposes of purchasing doughnuts,

4  croissants and the like.

5      15.    On or about September 14, 2007, plaintiff PATRICK CONNALLY wheeled to

6  the ALL STAR DOUGHNUTS. The entrance to ALL STAR DOUGHNUTS does not have a

7  level landing. It has a slight slope. The slope is of a sufficient degree that a wheelchair will roll

8  back if the user stops at the entrance. The doorway is comprised of two doors. Each door has

9  less than thirty-two (32) inches of clear space. Each door does not meet the minimum statutory

10  requirements for access.

11     16.    When Plaintiff PATRICK CONNALLY on this occasion and other occasions

12  approaches the entrance, he cannot independently open a door or can only attempt to do so with

13  great difficulty. The door pressure appeared to exceed five pounds. This is a stressful and

14  strenuous situation. Plaintiff PATRICK CONNALLY gained entry when a passer by, coming

15  into the ALL STAR DOUGHNUTS opened and held open a door to allow plaintiff PATRICK

16  CONNALLY access.

17     17.    On or about September 14, 2007, October 18, 2007, November 15, 2007, March

18  13, 2008 and March 31, 2008, plaintiff PATRICK CONNALLY patronized ALL STAR

19  DOUGHNUTS and each time encountered the same architectural barriers.

20     18.    On or about December 19, 2007, plaintiff PATRICK CONNALLY wrote both

21  the landlord and tenant about the door problem. Plaintiff PATRICK CONNALLY never

22  received a response to these two letters.

23     19.    On or about April 1, 2008, plaintiff PATRICK CONNALLY again wrote the

24  landlord and tenant a letter. Plaintiff PATRICK CONNALLY pointed out how the situation

25  could be remedied. Simply remove the narrow double doors and put in a wide door and panel,

26  reduce the door pressure and install lever hardware. Plaintiff PATRICK CONNALLY sought an

27  early response. No response was forthcoming.

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

6

1    20.    On or about April 8, 2008, plaintiff PATRICK CONNALLY returned to ALL

2  STAR DOUGHNUTS. Once again, plaintiff PATRICK CONNALLY encountered the same

3  architectural barriers.

4    21.    Therefore, at said times and place, plaintiff PATRICK CONNALLY, a person

5  with a disability, encountered the following inaccessible elements of the subject ALL STAR

6  DOUGHNUTS which constituted architectural barriers and a denial of the proper and legally-

7  required access to a public accommodation to persons with physical disabilities including, but

8  not limited to:

9          a.    lack of directional signage to show accessible routes of travel, i.e
               entrances;
10
11         b.    lack of an accessible entrance;

12         c.    lack of the International Symbol of Access (ISA);

13         d.    On personal knowledge, information and belief, other public facilities and
               elements too numerous to list were improperly inaccessible for use by
               persons with physical disabilities.
14
15    22.    At all times stated herein, the existence of architectural barriers at defendants'

16  place of public accommodation evidenced "actual notice" of defendants' intent not to comply

17  with the Americans with Disabilities Act of 1990 either then, now or in the future.

18    23.    On or about December 19, 2007 and April 1, 2008, defendants were sent a total of

19  four (4) letters by or on behalf of plaintiff PATRICK CONNALLY advising of the existence of

20  architectural barriers, requesting a response within 14 days and requesting remedial measures be

21  undertaken within 90 days or an explanation of why the time limit set could not be met and/or

22  extenuating circumstances. Said letters are attached hereto collectively as exhibit "A" and

23  incorporated by reference as though fully set forth herein.  Defendants' failure to respond

24  evidenced an intent not to seek or engage in an early and reasonable resolution of the matter.

25    24.    At all times stated herein, defendants, and each of them, did not act as reasonable

26  and prudent landlord/tenant and were "negligent per se" or at a minimum negligent for not

27  removing architectural barriers that would foreseeably prevent plaintiff PATRICK CONNALLY

///

28

1  from receiving the same goods and services as able bodied people and some of which may and did
2  pose a threat of harm and/or personal injury to people with disabilities. Therefore as a legal result
3  of defendants breach of duty to remove those barriers encountered by plaintiff, plaintiff suffered
4  bodily injury.

5      25.    As a legal result of defendants ALKAR PROPERTIES LLC, a limited liability
6  company; HO CHAY LY and PAUL VAN LY, individuals dba ALL STAR DOUGHNUTS'
7  failure to act as a reasonable and prudent public accommodation in identifying, removing or
8  creating architectural barriers, policies, practices and procedures that denied access to plaintiffs
9  and other persons with disabilities, plaintiffs suffered the damages as alleged herein.

10      26.    As a further legal result of the actions and failure to act of defendants, and as a
11  legal result of the failure to provide proper handicapped-accessible public facilities as set forth
12  herein, plaintiffs were denied their civil rights to full and equal access to public facilities.

13      27.    Further, plaintiff PATRICK CONNALLY suffered emotional distress, mental
14  distress, mental suffering, mental anguish, which includes, but is not limited to, shame,
15  humiliation, embarrassment, anger, disappointment and worry, expectedly and naturally
16  associated with a person with physical disabilities being denied access, all to his damages as
17  prayed hereinafter in an amount within the jurisdiction of this court.  No claim is being made for
18  mental and emotional distress over and above that usually associated with the discrimination and
19  physical injuries claimed, and no expert testimony regarding this usual mental and emotional
20  distress will be presented at trial in support of the claim for damages.

21      28.    Defendants', and each of their, failure to remove the architectural barriers
22  complained of herein created, at the time of plaintiff PATRICK CONNALLY's first visit to said
23  public accommodation, and continues to create continuous and repeated exposure to substantially
24  the same general harmful conditions which caused plaintiff PATRICK CONNALLY harm as
25  stated herein.

26      29.    Plaintiff PATRICK CONNALLY and the membership of DREES were denied
27  their rights to equal access to a public facility by defendants ALKAR PROPERTIES LLC, a
28  limited liability company; HO CHAY LY and PAUL VAN LY, individuals dba ALL STAR

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  DOUGHNUTS, because defendants ALKAR PROPERTIES LLC, a limited liability company;
2  HO CHAY LY and PAUL VAN LY, individuals dba ALL STAR DOUGHNUTS maintained a
3  doughnut house without access for persons with physical disabilities to its facilities, including but
4  not limited to the entrance, and other public areas as stated herein, and continue to the date of
5  filing this complaint to deny equal access to plaintiffs and other persons with physical disabilities
6  in these and other ways.

7      30.     On information and belief, construction alterations carried out by defendants have
8  also triggered access requirements under both California law and the Americans with Disabilities
9  Act of 1990.

10     31.     Plaintiffs, as described hereinbelow, seek injunctive relief to require the ALL
11 STAR DOUGHNUTS to be made accessible to meet the requirements of both California law and
12 the Americans with Disabilities Act of 1990, whichever is more restrictive, so long as defendants
13 operate the ALL STAR DOUGHNUTS as a public facility.

14     32.     Plaintiffs seek damages for violation of their civil rights on September 14, 2007,
15 October 18, 2007, November 15, 2007, March 13, 2008, March 31, 2008 and April 8, 2008, and
16 they seek statutory damages of not less than $4,000, pursuant to Civil Code §52(a) or alternatively
17 $1000 pursuant to Civil Code §54.3, for each day after his visit that the trier of fact (court/jury)
18 determines was the date that some or all remedial work should have been completed under the
19 standard that the landlord and tenant had an ongoing duty to identify and remove architectural
20 barriers where it was readily achievable to do so, which deterred plaintiff PATRICK
21 CONNALLY from returning to the subject public accommodation because of his knowledge
22 and/or belief that neither some or all architectural barriers had been removed and that said
23 premises remains inaccessible to persons with disabilities whether a wheelchair user or otherwise.

24     33.     On information and belief, defendants have been negligent in their affirmative duty
25 to identify the architectural barriers complained of herein and negligent in the removal of some or
26 all of said barriers.

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

9

1    34.    Because of defendants' violations, plaintiffs and other persons with physical
2 disabilities are unable to use public facilities such as those owned and operated by defendants on a
3 "full and equal" basis unless such facility is in compliance with the provisions of the Americans
4 with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and
5 other accessibility law as plead herein. Plaintiffs seek an order from this court compelling
6 defendants to make the ALL STAR DOUGHNUTS accessible to persons with disabilities.

7    35.    On information and belief, defendants have intentionally undertaken to modify and
8 alter existing building(s), and have failed to make them comply with accessibility requirements
9 under the requirements of ADAAG and Title 24. The acts and omission of defendants, and each
10 of them, in failing to provide the required accessible public facilities at

11 the time of plaintiff's visit and injuries, indicate actual and implied malice toward plaintiffs, and
12 despicable conduct carried out by defendants, and each of them, with a willful and conscious
13 disregard for the rights and safety of plaintiffs and other similarly situated persons, and justify a
14 trebling of damages as provided by Civil Code §§52(a) and 54.3, in order to make a more
15 profound example of defendants, and each of them, to other operators of other bakeries, doughnut
16 houses, sweet shops, and other public facilities, and to punish defendants and to carry out the
17 purposes of the Civil Code §§ 51, 51.5 and 54.

18    36.    Plaintiffs are informed and believe and therefore allege that defendants ALKAR
19 PROPERTIES LLC, a limited liability company; HO CHAY LY and PAUL VAN LY, individuals
20 dba ALL STAR DOUGHNUTS, and each of them, caused the subject building(s) which
21 constitute the ALL STAR DOUGHNUTS to be constructed, altered and maintained in such a
22 manner that persons with physical disabilities were denied full and equal access to, within and
23 throughout said building(s) of the doughnut house and were denied full and equal use of said
24 public facilities. Furthermore, on information and belief, defendants have continued to maintain
25 and operate said doughnut house and/or its building(s) in such conditions up to the present time,
26 despite actual and constructive notice to such defendants that the configuration of ALL STAR
27 DOUGHNUTS and/or its building(s) is in violation of the civil rights of persons with physical
28 disabilities, such as plaintiff PATRICK CONNALLY, the membership of plaintiff DREES and

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

10

1   the disability community which DREES serves. Such construction, modification, ownership,
2   operation, maintenance and practices of such public facilities are in violation of Civil Code §§51,
3   51.5 and 54, Health and Safety Code §19955, and the ADA, 42 U.S.C. §12101, *et seq.*

4       37.     On personal knowledge, information and belief, the basis of defendants' actual and
5   constructive notice that the physical configuration of the facilities including, but not limited to,
6   architectural barriers constituting the ALL STAR DOUGHNUTS and/or building(s) was in
7   violation of the civil rights of persons with physical disabilities, such as plaintiffs, includes, but is
8   not limited to, communications with invitees and guests, plaintiff PATRICK CONNALLY
9   himself, owners of other bakeries, doughnut houses, sweet shops and businesses, notices they
10  obtained from governmental agencies upon modification, improvement, or substantial repair of
11  the subject premises and other properties owned by these defendants, newspaper articles and trade
12  publications regarding the Americans with Disabilities Act of 1990 and other access laws, public
13  service announcements by former U.S. Attorney General Janet Reno between 1993 and 2000, and
14  other similar information. Defendants' failure, under state and federal law, to make the ALL
15  STAR DOUGHNUTS accessible is further evidence of defendants' conscious disregard for the
16  rights of plaintiff and other similarly situated persons with disabilities. Despite being informed of
17  such effect on plaintiff and other persons with physical disabilities due to the lack of accessible
18  facilities, defendants, and each of them, knowingly and willfully refused to take any steps to
19  rectify the situation and to provide full and equal access for plaintiffs and other persons with
20  physical disabilities to the ALL STAR DOUGHNUTS. Said defendants, and each of them, have
21  continued such practices, in conscious disregard for the rights of plaintiffs and other persons with
22  physical disabilities, up to the date of filing of this complaint, and continuing thereon. Defendants
23  had further actual knowledge of the architectural barriers referred to herein by virtue of the
24  demand letter addressed to the defendants and served concurrently with the summons and
25  complaint. Said conduct, with knowledge of the effect it was and is having on plaintiffs and other
26  persons with physical disabilities, constitutes despicable conduct in conscious disregard of the
27  rights and safety of plaintiffs and of other similarly situated persons, justifying the imposition of
28  treble damages per Civil Code §§52 and 54.3.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

11

1      54.    California Civil Code §54.1 further provides that a violation of the Americans with

2  Disabilities Act of 1990 constitutes a violation of section 54.1:

3                (d) A violation of the right of an individual under the
Americans with Disabilities Act of 1990 (Public Law 101-336) also
4           constitutes a violation of this section, and nothing in this section
shall be construed to limit the access of any person in violation of
5           that act.

6           Civil Code §54.1(d)

7      55.    Plaintiff PATRICK CONNALLY and the membership of plaintiff DREES are

8  persons within the meaning of Civil Code §54.1 whose rights have been infringed upon and

9  violated by the defendants, and each of them, as prescribed by Civil Code §§54 and 54.1.  Each

10  specific architectural barrier which defendants knowingly and willfully fail and refuse to remove

11  constitutes a separate act in violation of Civil Code §§54 and 54.1.  Plaintiffs have been and

12  continue to be denied full and equal access to defendants' ALL STAR DOUGHNUTS.  As a legal

13  result, plaintiffs are entitled to seek damages pursuant to a court or jury determination, in

14  accordance with California Civil Code §54.3(a) for each day on which they visited or have been

15  deterred from visiting the ALL STAR DOUGHNUTS because of their knowledge and belief that

16  the ALL STAR DOUGHNUTS is inaccessible to persons with disabilities.  California Civil Code

17  §54.3(a) provides:

18           Any person or persons, firm or corporation, who denies or interferes
with admittance to or enjoyment of the public facilities as specified
19           in Sections 54 and 54.1 or otherwise interferes with the rights of an
individual with a disability under Sections 54, 54.1 and 54.2 is
20           liable for each offense for the actual damages and any amount as
may be determined by a jury, or the court sitting without a jury, up
21           to a maximum of three times the amount of actual damages but in
no case less than . . .one thousand dollars ($1,000) and . . .
22           attorney's fees as may be determined by the court in addition
thereto, suffered by any person denied any of the rights provided in
23           Sections 54, 54.1 and 54.2.

24           Civil Code §54.3(a)

25  ///

26  ///

27  ///

28  ///

1       56.     On or about September 14, 2007,October 18, 2007, November 15, 2007, March 13,
2   2008, March 31, 2008 and April 8, 2008, plaintiff PATRICK CONNALLY suffered violations of
3   Civil Code §§54 and 54.1 in that plaintiff PATRICK CONNALLY was denied entrance at the
4   ALL STAR DOUGHNUTS and on the basis that plaintiff PATRICK CONNALLY was a person
5   with physical disabilities.

6       57.     As a result of the denial of equal access to defendants' facilities due to the acts and
7   omissions of defendants, and each of them, in owning, operating and maintaining these subject
8   public facilities, plaintiffs suffered violations of plaintiffs' civil rights, including but not limited to
9   rights under Civil Code §§54, 54.1 and 54.3, and plaintiff PATRICK CONNALLY suffered
10  physical discomfort and bodily injury.

11      58.     Further, plaintiff PATRICK CONNALLY suffered mental distress, mental
12  suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration, anger,
13  disappointment and worry, all of which are expectedly and naturally associated with a denial of
14  access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated.
15  Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole
16  basis that plaintiffs are persons or an entity that represents persons with physical disabilities and
17  unable, because of the architectural barriers created and maintained by the defendants in violation
18  of the subject laws, to use the public facilities hereinabove described on a full and equal basis as
19  other persons.

20      59.     Plaintiffs have been damaged by defendants', and each of their, wrongful conduct
21  and seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 and 55 for violation of
22  plaintiffs' rights as persons or an entity that represents persons with physical disabilities on or
23  about September 14, 2007,October 18, 2007, November 15, 2007, March 13, 2008, March 31,
24  2008 and April 8, 2008, and on a continuing basis since then, including statutory damages, a
25  trebling of all of actual damages, general and special damages available pursuant to §54.3 of the
26  Civil Code according to proof.

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

18

1    60.    As a result of defendants', and each of their, acts and omissions in this regard,

2  plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce

3  plaintiffs' rights and enforce the provisions of the law protecting access for persons with physical

4  disabilities and prohibiting discrimination against persons with physical disabilities.  Pursuant to

5  the provisions of Civil Code §54.3 and §55, plaintiffs therefore will seek recovery in this lawsuit

6  for all reasonable attorneys' fees and costs incurred if deemed the prevailing party.  Additionally,

7  plaintiffs' lawsuit is intended not only to obtain compensation for damages to plaintiffs, but also

8  to compel the defendants to make their facilities accessible to all members of the public with

9  disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to

10  the provisions of §1021.5 of the Code of Civil Procedure.

11    Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

12  **III.    THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY**
**FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955,** *ET. SEQ.*
13      (On Behalf of Plaintiffs PATRICK CONNALLY and DISABILITY RIGHTS,
ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a
14      California public benefit corporation and Against Defendants ALKAR PROPERTIES
LLC, a limited liability company; HO CHAY LY and PAUL VAN LY, individuals dba
15      ALL STAR DOUGHNUTS, inclusive)
(Health & Safety Code §19955, *et seq.*)

16    61.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the

17  allegations contained in paragraphs 1 through 60 of this complaint.

18    62.    Health & Safety Code §19955 provides in pertinent part:

19      The purpose of this part is to insure that public accommodations or
20      facilities constructed in this state with private funds adhere to the
provisions of Chapter 7 (commencing with Sec. 4450) of Division 5
21      of Title 1 of the Government Code.  For the purposes of this part
"public accommodation or facilities" means a building, structure,
22      facility, complex, or improved area which is used by the general
public and shall include auditoriums, hospitals, theaters, restaurants,
23      hotels, motels, stadiums, and convention centers.  When sanitary
facilities are made available for the public, clients or employees in
24      such accommodations or facilities, they shall be made available for
the handicapped.

25  ///

26  ///

27  ///

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

19

1          63.    Health & Safety Code §19956, which appears in the same chapter as §19955,
2    provides in pertinent part, "accommodations constructed in this state shall conform to the
3    provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government
4    Code . . . ." Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all
5    public accommodations constructed or altered after that date.  On information and belief, portions
6    of the ALL STAR DOUGHNUTS and/or of the building(s) were constructed and/or altered after
7    July 1, 1970, and substantial portions of the doughnut house and/or the building(s) had alterations,
8    structural repairs, and/or additions made to such public accommodations after July 1, 1970,
9    thereby requiring said doughnut house and/or building to be subject to the requirements of Part
10   5.5, §19955, *et seq.*, of the Health & Safety Code upon such alteration, structural repairs or
11   additions per Health & Safety Code §19959.

12         64.    Pursuant to the authority delegated by Government Code §4450, *et seq*, the State
13   Architect promulgated regulations for the enforcement of these provisions.  Effective July 1,
14   1982, Title 24 of the California Building Standards Code adopted the California State Architect's
15   Regulations and these regulations must be complied with as to any alterations and/or
16   modifications of ALL STAR DOUGHNUTS and/or the building(s) occurring after that date.
17   Construction changes occurring prior to this date but after July 1, 1970 triggered access
18   requirements pursuant to the "ASA" requirements, the American Standards Association
19   Specifications, A117.1-1961.  On information and belief, at the time of the construction and
20   modification of said building, all buildings and facilities covered were required to conform to
21   each of the standards and specifications described in the American Standards Association
22   Specifications and/or those contained in Title 24 of the California Building Standards Code.

23         65.    Bakeries such as the ALL STAR DOUGHNUTS are "public accommodations or
24   facilities" within the meaning of Health & Safety Code §19955, *et seq*.

25   ///
26   ///
27   ///
28   ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

20

1    66.    As a result of the actions and failure to act of defendants, and as a result of the

2  failure to provide proper and legally handicapped-accessible public facilities, plaintiffs were

3  denied plaintiffs' rights to full and equal access to public facilities and suffered a loss of plaintiffs'

4  civil rights and plaintiffs' rights as persons with physical disabilities to full and equal access to

5  public facilities.

6    67.    Attorneys' Fees -- As a result of defendants' acts and omissions in this regard,

7  plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce

8  plaintiffs' civil rights and enforce provisions of the law protecting access for the persons with

9  physical disabilities and prohibiting discrimination against the persons with physical disabilities,

10  and to take such action both in plaintiffs' own interests and in order to enforce an important right

11  affecting the public interest.  Plaintiffs, therefore, seek in this lawsuit the recovery of all

12  reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure

13  §1021.5.  Plaintiffs additionally seek attorneys' fees pursuant to Health & Safety Code §19953

14  and Civil Code §§54.3 and 55 and/or in the alternative, plaintiffs will seek attorneys' fees, costs

15  and litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-

16  3(a)).  Plaintiffs will seek attorneys' fees conditioned upon being deemed to be the prevailing

17  party.

18    68.    Plaintiffs seek injunctive relief for an order compelling defendants, and each of

19  them, to make the subject place of public accommodation readily accessible to and usable by

20  persons with disabilities.

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    Wherefore, plaintiffs pray for damages and relief as hereinafter stated.

2 **IV.    FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES**
3    **AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
4    (On Behalf of Plaintiffs PATRICK CONNALLY and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a
5    California public benefit corporation, and Against Defendants ALKAR PROPERTIES LLC, a limited liability company; HO CHAY LY and PAUL VAN LY, individuals dba
6    ALL STAR DOUGHNUTS, inclusive)
     (Civil Code §51, 51.5)

7
     69.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the
8
     allegations contained in paragraphs 1 through 68 of this complaint.
9
     70.    Defendants' actions and omissions and failure to act as a reasonable and prudent
10
     public accommodation in identifying, removing and/or creating architectural barriers, policies,
11
     practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act.  The
12
     Unruh Act provides:
13
                  This section shall be known, and may be cited, as the Unruh
14          Civil Rights Act.

15                All persons within the jurisdiction of this state are free and
            equal, and no matter what their sex, race, color, religion, ancestry,
16          national origin, or **disability** are entitled to the full and equal
            accommodations, advantages, facilities, privileges, or services in all
17          business establishments of every kind whatsoever.

18                This section shall not be construed to confer any right or
            privilege on a person that is conditioned or limited by law or that is
19          applicable alike to persons of every sex, color, race, religion,
            ancestry, national origin, or **disability.**
20
                  Nothing in this section shall be construed to require any
21          construction, alteration, repair, structural or otherwise, or
            modification of any sort whatsoever, beyond that construction,
22          alteration, repair, or modification that is otherwise required by other
            provisions of law, to any new or existing establishment, facility,
23          building, improvement, or any other structure . . . nor shall anything
            in this section be construed to augment, restrict, or alter in any way
24          the authority of the State Architect to require construction,
            alteration, repair, or modifications that the State Architect otherwise
25          possesses pursuant to other . . . laws.

26                A violation of the right of any individual under the
            Americans with Disabilities Act of 1990 (Public Law 101-336) shall
27          also constitute a violation of this section.

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the

2  "intent" of the defendants in not complying with barrier removal is not an issue. Hence, the

3  failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or

4  failing to act to identify and remove barriers can be construed as a "negligent per se" act of

5  defendants, and each of them.

6       71.    The acts and omissions of defendants stated herein are discriminatory in nature and

7  in violation of Civil Code §51.5:

8              No business establishment of any kind whatsoever shall
               discriminate against, boycott or blacklist, refuse to buy from, sell to,
9              or trade with any person in this state because of the race, creed,
               religion, color, national origin, sex, or **disability** of the person or of
10             the person's partners, members, stockholders, directors, officers,
               managers, superintendents, agents, employees, business associates,
11             suppliers, or customers.

12             As used in this section, "person" includes any person, firm
               association, organization, partnership, business trust, corporation,
13             limited liability company, or company.

14             Nothing in this section shall be construed to require any
               construction, alteration, repair, structural or otherwise, or
15             modification of any sort whatsoever, beyond that construction,
               alteration, repair or modification that is otherwise required by other
16             provisions of law, to any new or existing establishment, facility,
               building, improvement, or any other structure . . . nor shall anything
17             in this section be construed to augment, restrict or alter in any way
               the authority of the State Architect to require construction,
18             alteration, repair, or modifications that the State Architect otherwise
               possesses pursuant to other laws.

19
        72.    Defendants' acts and omissions as specified have denied to plaintiffs full and equal
20
   accommodations, advantages, facilities, privileges and services in a business establishment, on the
21
   basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil Rights Act.
22
   Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A violation of the
23
   right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336)
24
   shall also constitute a violation of this section". Plaintiffs accordingly incorporate the entirety of
25
   their above cause of action for violation of the Americans with Disabilities Act at §39, *et seq*., as
26
   if repled herein.
27

28

1    73.    As a legal result of the violation of plaintiff PATRICK CONNALLY's civil rights

2  as hereinabove described, plaintiff PATRICK CONNALLY has suffered general damages and

3  bodily injury.

4  **PRAYER:**

5    Plaintiffs pray that this court award damages and provide relief as follows:

6  **I.    PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A
      PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**
7  **DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
      (On Behalf of Plaintiffs PATRICK CONNALLY and DISABILITY RIGHTS
8    ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a
      California public benefit corporation, and Against Defendants ALKAR PROPERTIES
9    LLC, a limited liability company; HO CHAY LY and PAUL VAN LY, individuals dba
      ALL STAR DOUGHNUTS, inclusive)
10    (42 U.S.C. §12101, *et seq.*)

11    1.    For injunctive relief, compelling defendants ALKAR PROPERTIES LLC, a

12  limited liability company; HO CHAY LY and PAUL VAN LY, individuals dba ALL STAR

13  DOUGHNUTS, inclusive, to make the ALL STAR DOUGHNUTS, located at 901 Clement

14  Street, San Francisco, California, readily accessible to and usable by individuals with disabilities,

15  per 42 U.S.C §12181, *et seq.*, and to make reasonable modifications in policies, practice,

16  eligibility criteria and procedures so as to afford full access to the goods, services, facilities,

17  privileges, advantages and accommodations being offered.

18    2.    For attorneys' fees, litigation expenses and costs of suit, if plaintiffs are deemed

19  the prevailing party; and

20    3.    For such other and further relief as the court may deem proper.

21  **II.    PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND
      EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1**
22  **AND 54.3, *ET SEQ.***
      (On Behalf of Plaintiffs PATRICK CONNALLY and DISABILITY RIGHTS
23    ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a
      California public benefit corporation, and Against Defendants ALKAR PROPERTIES
24    LLC, a limited liability company; HO CHAY LY and PAUL VAN LY, individuals dba
      ALL STAR DOUGHNUTS, inclusive)
25    (California Civil Code §§54, 54.1, 54.3, *et seq.*)

26    1.    For injunctive relief, compelling defendants ALKAR PROPERTIES LLC, a

27  limited liability company; HO CHAY LY and PAUL VAN LY, individuals dba ALL STAR

28  DOUGHNUTS, inclusive, to make the ALL STAR DOUGHNUTS, located at 901 Clement

1  Street, San Francisco, California, readily accessible to and usable by individuals with disabilities,

2  per state law.

3      2.    Statutory damages as afforded by Civil Code §54.3 for the date of incident and for

4  each occasion on which plaintiffs were deterred from returning to the subject public

5  accommodation.

6      3.    Attorneys' fees pursuant to Civil Code §54.3 and §55 and Code of Civil Procedure

7  §1021.5, if plaintiffs are deemed the prevailing party;

8      4.    Treble damages pursuant to Civil Code §54.3;

9      5.    For all costs of suit;

10      6.    Prejudgment interest pursuant to Civil Code §3291;

11      7.    Such other and further relief as the court may deem just and proper.

12  **III.  PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND
       EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1**
13  **AND 54.3, *ET SEQ.***
       (On Behalf of Plaintiff PATRICK CONNALLY, and Against Defendants ALKAR
14     PROPERTIES LLC, a limited liability company; HO CHAY LY and PAUL VAN LY,
       individuals dba ALL STAR DOUGHNUTS, inclusive),
15     (California Civil Code §§54, 54.1, 54.3, *et seq.*)

16      1.    General and compensatory damages according to proof.

17  **IV.  PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE
       SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE**
18  **§19955, *ET. SEQ.***
       (On Behalf of Plaintiffs PATRICK CONNALLY and DISABILITY RIGHTS
19     ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a
       California public benefit corporation, and Against Defendants ALKAR PROPERTIES
20     LLC, a limited liability company; HO CHAY LY and PAUL VAN LY, individuals dba
       ALL STAR DOUGHNUTS, inclusive)
21     (Health & Safety code §19955, *et seq.*)

22      1.    For injunctive relief, compelling defendants ALKAR PROPERTIES LLC, a

23  limited liability company; HO CHAY LY and PAUL VAN LY, individuals dba ALL STAR

24  DOUGHNUTS, inclusive, to make the ALL STAR DOUGHNUTS, located at 901 Clement

25  Street, San Francisco, California, readily accessible to and usable by individuals with disabilities,

26  per state law.

27      2.    For attorneys' fees pursuant to Code of Civil Procedure §1021.5, Civil Code §55,

28  and/or, alternatively, Health & Safety Code §19953, if plaintiffs are deemed the prevailing party;

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

25

1    3.    For all costs of suit;

2    4.    For prejudgment interest pursuant to Civil Code §3291;

3    5.    Such other and further relief as the court may deem just and proper.

4  **V.    PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES,**
5  **PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
6  (On Behalf of Plaintiffs PATRICK CONNALLY and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a
7  California public benefit corporation and Against Defendants ALKAR PROPERTIES LLC, a limited liability company; HO CHAY LY and PAUL VAN LY, individuals dba
8  ALL STAR DOUGHNUTS, inclusive)
   (California Civil Code §§51, 51.5, *et seq.*)
9
     1.    All statutory damages as afforded by Civil Code §52(a) for the date of incident and
10
for each occasion on which plaintiffs were deterred from returning to the subject public
11
accommodation;
12
     2.    Attorneys' fees pursuant to Civil Code §52(a), if plaintiffs are deemed the
13
prevailing party;
14
     3.    Treble damages pursuant to Civil Code §52(a);
15
     4.    For all costs of suit;
16
     5.    Prejudgment interest pursuant to Civil Code §3291; and
17
     6.    Such other and further relief as the court may deem just and proper.
18

19
///
20
///
21
///
22
///
23
///
24
///
25
///
26
///
27
///
28

1  **VI.    PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO**
   **FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES,**
2  **PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL**
   **CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
3  (On Behalf of Plaintiff PATRICK CONNALLY, and Against Defendants ALKAR
   PROPERTIES LLC, a limited liability company; HO CHAY LY and PAUL VAN LY,
4  individuals dba ALL STAR DOUGHNUTS, inclusive)
   (California Civil Code §§51, 51.5, *et seq.*)
5
       1.    General and compensatory damages to plaintiff PATRICK CONNALLY according
6
   to proof.
7

8  Dated: _____, 2008          THOMAS E. FRANKOVICH
9                                      *A PROFESSIONAL LAW CORPORATION*

10

11                              By: _____
                                    THOMAS E. FRANKOVICH
12                                  Attorneys for Plaintiffs PATRICK CONNALLY and
                                    DISABILITY RIGHTS ENFORCEMENT, EDUCATION,
13                                  SERVICES:HELPING YOU HELP OTHERS, a California
                                    public benefit corporation
14

15                           **DEMAND FOR JURY TRIAL**

16         Plaintiffs hereby demand a jury for all claims for which a jury is permitted.

17 Dated: _____, 2008          THOMAS E. FRANKOVICH
                                       *A PROFESSIONAL LAW CORPORATION*
18

19
                                By: _____
20                                  THOMAS E. FRANKOVICH
                                    Attorneys for Plaintiffs PATRICK CONNALLY and
21                                  DISABILITY RIGHTS, ENFORCEMENT, EDUCATION,
                                    SERVICES:HELPING YOU HELP OTHERS, a California
22                                  public benefit corporation

23

24

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

27

1       38.     Plaintiff PATRICK CONNALLY and plaintiff DREES, on behalf of its

2   membership and the disability community which it serves, consisting of persons with disabilities,

3   would, could and will return to the subject public accommodation when it is made accessible to

4   persons with disabilities.

5  **I.      FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC
           ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**
6       **DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
        (On behalf of Plaintiffs PATRICK CONNALLY and DISABILITY RIGHTS
7       ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a
        California public benefit corporation and Against Defendants ALKAR PROPERTIES
8       LLC, a limited liability company; HO CHAY LY and PAUL VAN LY, individuals dba
        ALL STAR DOUGHNUTS, inclusive)
9       (42 U.S.C. §12101, *et seq.*)

10      39.     Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the

11  allegations contained in paragraphs 1 through 38 of this complaint.

12      40.     Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C.

13  §12101 regarding persons with physical disabilities, finding that laws were needed to more fully

14  protect:

15              some 43 million Americans with one or more physical or mental
                disabilities; [that] historically society has tended to isolate and
16              segregate individuals with disabilities; [that] such forms of
                discrimination against individuals with disabilities continue to be a
17              serious and pervasive social problem; [that] the nation's proper
                goals regarding individuals with disabilities are to assure equality of
18              opportunity, full participation, independent living and economic
                self-sufficiency for such individuals; [and that] the continuing
19              existence of unfair and unnecessary discrimination and prejudice
                denies people with disabilities the opportunity to compete on an
20              equal basis and to pursue those opportunities for which our free
                society is justifiably famous.

21
        41.     Congress stated as its purpose in passing the Americans with Disabilities Act of
22
    1990 (42 U.S.C. §12102):
23
                It is the purpose of this act (1) to provide a clear and comprehensive
24              national mandate for the elimination of discrimination against
                individuals with disabilities; (2) to provide clear, strong, consistent,
25              enforceable standards addressing discrimination against individuals
                with disabilities; (3) to ensure that the Federal government plays a
26              central role in enforcing the standards established in this act on
                behalf of individuals with disabilities; and (4) to invoke the sweep
27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

12

1    of Congressional authority, including the power to enforce the 14th Amendment
     and to regulate commerce, in order to address the major areas of discrimination
2    faced day to day by people with disabilities.

3    42.    As part of the Americans with Disabilities Act of 1990, Public Law 101-336

4    (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services

5    Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*). Among the public

6    accommodations identified for purposes of this title was:

7              (7)    PUBLIC ACCOMMODATION - The following private
                     entities are considered public accommodations for purposes of this
8                    title, if the operations of such entities affect commerce -

9                    (B) a restaurant, bar or other establishment serving food or drink;

10                   (E) a bakery, grocery store, clothing store, hardware store, shopping
                     center, or other sales or rental establishment.
11
          42 U.S.C. §12181(7)(B)(E)
12
     43.    Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against
13
     on the basis of disability in the full and equal enjoyment of the goods, services, facilities,
14
     privileges, advantages, or accommodations of any place of public accommodation by any person
15
     who owns, leases, or leases to, or operates a place of public accommodation".
16
     44.    The specific prohibitions against discrimination set forth in §302(b)(2)(a),
17
     42 U.S.C. §12182(b)(2)(a) are:
18
                     (I)    the imposition or application of eligibility criteria
19           that screen out or tend to screen out an individual with a disability
             or any class of individuals with disabilities from fully and equally
20           enjoying any goods, services, facilities, privileges, advantages, or
             accommodations, unless such criteria can be shown to be necessary
21           for the provision of the goods, services, facilities, privileges,
             advantages, or accommodations being offered;
22
                     (ii)    a failure to make reasonable modifications in
23           policies, practices, or procedures, when such modifications are
             necessary to afford such goods, services, facilities, privileges,
24           advantages or accommodations to individuals with disabilities,
             unless the entity can demonstrate that making such modifications
25           would fundamentally alter the nature of such goods, services,
             facilities, privileges, advantages, or accommodations;
26    ///

27    ///

28    ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

13

1

2

3

4

5

6

7

8

9

10

        (iii)     a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

        (iv)     a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

        (v)     where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

11

The acts of defendants set forth herein were a violation of plaintiffs' rights under the ADA, Public

12

Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective

13

January 31, 1993, the standards of the ADA were also incorporated into California Civil Code

14

§51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

15

    45.    The removal of the barriers complained of by plaintiffs as hereinabove alleged was

16

at all times after January 26, 1992 "readily achievable" as to the subject building(s) of ALL STAR

17

DOUGHNUTS pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv). On information and belief, if the

18

removal of all the barriers complained of herein together was not "readily achievable," the

19

removal of each individual barrier complained of herein was "readily achievable." On

20

information and belief, defendants' failure to remove said barriers was likewise due to

21

discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182

22

(b)(2)(A)(i)and (ii).

23

    46.    Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily

24

accomplishable and able to be carried out without much difficulty or expense." The statute

25

defines relative "expense" in part in relation to the total financial resources of the entities

26

involved. Plaintiffs allege that properly repairing, modifying, or altering each of the items that

27

plaintiffs complain of herein were and are "readily achievable" by the defendants under the

///

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

14

1  standards set forth under §301(9) of the Americans with Disabilities Act. Furthermore, if it was
2  not "readily achievable" for defendants to remove each of such barriers, defendants have failed to
3  make the required services available through alternative methods which were readily achievable.

4      47.    On information and belief, construction work on, and modifications of, the subject
5  building(s) of ALL STAR DOUGHNUTS occurred after the compliance date for the Americans
6  with Disabilities Act, January 26, 1992, independently triggering access requirements under Title
7  III of the ADA.

8      48.    Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et
9  seq.*, plaintiffs are entitled to the remedies and procedures set forth in §204(a) of the Civil Rights
10  Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiffs are being subjected to discrimination on the
11  basis of disability in violation of this title or have reasonable grounds for believing that plaintiffs
12  are about to be subjected to discrimination in violation of §302. Plaintiffs are deterred from
13  returning to or making use of the public facilities complained of herein so long as the premises
14  and defendants' policies bar full and equal use by persons with physical disabilities.

15      49.    42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a
16  disability to engage in a futile gesture if such person has actual notice that a person or
17  organization covered by this title does not intend to comply with its provisions". Pursuant to this
18  section, plaintiff PATRICK CONNALLY has not returned to defendants' premises since on or
19  about April 8, 2008, but on information and belief, alleges that defendants have continued to
20  violate the law and deny the rights of plaintiffs and of other persons with physical disabilities to
21  access this public accommodation. Pursuant to 42 USC §12188(a)(2), "In cases of violations of
22  §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such
23  facilities readily accessible to and usable by individuals with disabilities to the extent required by
24  this title".

25  ///
26  ///
27  ///
28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

15

1      50.     Plaintiffs seek relief pursuant to remedies set forth in §204(a) of the Civil Rights

2  Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement

3  the Americans with Disabilities Act of 1990, including but not limited to an order granting

4  injunctive relief and attorneys' fees. Plaintiffs will seek attorneys' fees conditioned upon being

5  deemed to be the prevailing party.

6      Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

7  **II.    SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS**
   **IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
8  (On Behalf of Plaintiffs PATRICK CONNALLY and DISABILITY RIGHTS,
   ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a
9  California public benefit corporation, and Against Defendants ALKAR PROPERTIES
   LLC, a limited liability company; HO CHAY LY and PAUL VAN LY, individuals dba
10  ALL STAR DOUGHNUTS, inclusive)
   (California Civil Code §§54, 54.1, 54.3, *et seq.)*

11     51.     Plaintiffs replead and incorporate by reference as if fully set forth again herein, the

12  allegations contained in paragraphs 1 through 50 of this complaint.

13     52.     At all times relevant to this action, California Civil Code §54 has provided that

14  persons with physical disabilities are not to be discriminated against because of physical handicap

15  or disability. This section provides that:

16
                    (a) Individuals with disabilities . . . have the same rights as
17              the general public to full and free use of the streets, highways,
                sidewalks, walkways, public buildings, medical facilities, including
18              hospitals, clinics, and physicians' offices, and other public places.

19     53.     California Civil Code §54.1 provides that persons with disabilities shall not be

20  denied full and equal access to places of public accommodation or facilities:

21                  (a)(1) Individuals with disabilities shall be entitled to full
                and equal access, as other members of the general public, to
22              accommodations, advantages, facilities, medical facilities, including
                hospitals, clinics, and physicians' offices, and privileges of all
23              common carriers, airplanes, motor vehicles, railroad trains,
                motorbuses, streetcars, boats, or any other public conveyances or
24              modes of transportation (whether private, public, franchised,
                licensed, contracted, or otherwise provided), telephone facilities,
25              adoption agencies, private schools, hotels, lodging places, places of
                public accommodation, amusement or resort, and other places to
26              which the general public is invited, subject only to the conditions
                and limitations established by law, or state or federal regulation, and
27              applicable alike to all persons.

28              Civil Code §54.1(a)(1)

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

16

Patrick Connally
164 N. San Pedro Rd., Apt C103
San Rafael, CA 94903

December 19, 2007

Manager
All Star Donuts
901 Clement Street
San Francisco, CA 94118

Dear Manager of All Star Donuts:

Recently *(or some time ago)* I visited All Star Donuts a couple of times. As I use a
wheelchair, I had problems with the double doors and door pressure. I couldn't wheel in until
either a patron opened a door and opened the other door to make it easy for me to wheel in. You
need a wide door and to reduce the door pressure.

Anyway, I would really appreciate it if you would give me written assurance within the
next two weeks that you will take care of these problems within the next three months. I'd like a
written agreement. If you cannot do this would you forward my letter to whomever is in charge.
I'd like to come back to All Star once it's accessible to me. I may still come back before you do
the work just because I like the place. If there is some problem doing this please let me know.
Would you please reply to my letter by FedEx to make sure I get your response?

I found out who might be able to help you. If you need information on exactly what you
need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the
federal government at 1-800-514-0301. Either of them can send you a copy of the ADA and
ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or
have someone do it for you. You could also get a list of barriers common to places like yours
and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees,
that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can
get information on this from the two places I mentioned above. You should talk to your
accountant about it. Maybe your account already has this information or knows about it.

Thank you for considering my request.

Thank You,

*Patrick Connally*

EXH. A

Patrick Connally
164 N. San Pedro Rd., Apt C103
San Rafael, CA 94903

December 19, 2007

Owner of the building for
All Star Donuts
901 Clement Street
San Francisco, CA 94118

Dear Owner of Building for All Star Donuts:

Recently *(or some time ago)* I visited All Star Donuts a couple of times. As I use a wheelchair, I had problems with the double doors and door pressure. I couldn't wheel in until either a patron opened a door and opened the other door to make it easy for me to wheel in. You need a wide door and to reduce the door pressure.

Anyway, I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to All Star once it's accessible to me. I may still come back before you do the work just because I like the place. If there is some problem doing this please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the federal government at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your account already has this information or knows about it.

Thank you for considering my request.

Thank You,

*Patrick Connally*

Patrick Connally
164 N. San Pedro Rd., Apt C103
San Rafael, CA 94903

April 1, 2008

Manager
All Star Donuts
901 Clement Street
San Francisco, CA 94118

Dear Manager of All Star Donuts,

I purchase doughnuts, coffee, and croissants at All Star. But as I've written in you in the past unless both double doors are open it's hard to get in. Why, because each door is narrow and there is a slope at the base of the door. So, it's not easy to open the doors to get in. The door pressure is also heavy. The solution is simple. Put in one big door and a pane to take up the difference. Adjust the pressure down so that the door is easy to open with a lever type door handle.

Let's make everything easy and easy for everybody. Write me back when you get my letter. Fed Ex me so you make sure I get it. Hope to hear from you in the week. Thanks so much.

Sincerely,

Patrick Connally

Patrick Connally
164 N. San Pedro Rd., Apt C103
San Rafael, CA 94903

April 1, 2008

Owner of the building for
All Star Donuts
901 Clement Street
San Francisco, CA 94118

Dear Owner of the building for All Star Donuts,

I purchase doughnuts, coffee, and croissants at All Star. But as I've written in you in the past unless both double doors are open it's hard to get in. Why, because each door is narrow and there is a slope at the base of the door. So, it's not easy to open the doors to get in. The door pressure is also heavy. The solution is simple. Put in one big door and a pane to take up the difference. Adjust the pressure down so that the door is easy to open with a lever type door handle.

Let's make everything easy and easy for everybody. Write me back when you get my letter. Fed Ex me so you make sure I get it. Hope to hear from you in the week. Thanks so much.

Sincerely,

Patrick Connally

AO 440 (Rev. 10/93) SUMMONS in a Civil Action

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

*E-filing*

PATRICK CONNALLY, an individual: and DISABILITY
RIGHTS, ENFORCEMENT, EDUCATION,
SERVICES:HELPING YOU HELP OTHERS, a California
public benefit corporation,

SUMMONS IN A CIVIL CASE

CASE NUMBER: _____

V.

ALL STAR DOUGHNUTS; ALKAR PROPERTIES LLC, a
limited liability company; HO CHAY LY and PAUL VAN
LY, individuals dba ALL STAR DOUGHNUTS,

EMC

CV 08 2163

TO:

See service list attached

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY

Thomas E. Frankovich
THOMAS E. FRANKOVICH, APLC
2806 Van Ness Avenue
San Francisco, CA 94109
Telephone: 415/674-8600

an answer to the complaint which is herewith served upon you, within __20__ days after service of this summons upon you, exclusive
of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint.
You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

APR 25 2008

RICHARD W. WIEKING

CLERK                                          DATE

HELEN L. ALMACEN

(BY) DEPUTY CLERK

THOMAS E. FRANKOVICH (State Bar No. 074414)
THOMAS E. FRANKOVICH,
2806 Van Ness Avenue
San Francisco, CA 94109
Telephone:    415/674-8600
Facsimile:    415/674-9900

Attorneys for Plaintiffs
PATRICK CONNALLY
and DISABILITY RIGHTS
ENFORCEMENT, EDUCATION,
SERVICES: HELPING YOU
HELP OTHERS

ORIGINAL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK CONNALLY, an individual; and ) DISABILITY RIGHTS, ENFORCEMENT, ) EDUCATION, SERVICES:HELPING YOU) HELP OTHERS, a California public benefit ) corporation, )<br><br>          Plaintiffs, )<br><br>v.                                )<br><br>ALL STAR DOUGHNUTS; ALKAR ) PROPERTIES LLC, a limited liability ) company; HO CHAY LY and PAUL VAN ) LY, individuals dba ALL STAR ) DOUGHNUTS, )<br><br>          Defendants.          ) | **CASE NO.**<br>**Civil Rights**<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES:**<br><br>**1st CAUSE OF ACTION:** For Denial of Access by a Public Accommodation in Violation of the Americans with Disabilities Act of 1990 (42 U.S.C. §12101, *et seq.*)<br><br>**2nd CAUSE OF ACTION:** For Denial of Full and Equal Access in Violation of California Civil Code §§54, 54.1 and 54.3<br><br>**3rd CAUSE OF ACTION:** For Denial of Accessible Sanitary Facilities in Violation of California Health & Safety Code §19955, *et seq.*<br><br>**4th CAUSE OF ACTION:** For Denial of Access to Full and Equal Accommodations, Advantages, Facilities, Privileges and/or Services in Violation of California Civil Code §51, *et seq.* (The Unruh Civil Rights Act) |

DEMAND FOR JURY

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

## SERVICE LIST

**Patrick Connally, et al. v. All Star Doughnuts, et al.**
Case no.

Rodney C. Chew, Agent
ALKAR PROPERTIES LLC
1547 24th Ave.
San Francisco, CA 94122-3313

Ho Chay Ly
3273 La Selva St. #4
San Mateo, CA 94403

Paul Van Ly
901 Clement Street
San Francisco, CA 94118