1   THOMAS E. FRANKOVICH (State Bar No. 074414)
    THOMAS E. FRANKOVICH,
2   2806 Van Ness Avenue
    San Francisco, CA 94109
3   Telephone:    415/674-8600
    Facsimile:    415/674-9900
4
    Attorneys for Plaintiffs
5   PATRICK CONNALLY
    and DISABILITY RIGHTS
6   ENFORCEMENT, EDUCATION,
    SERVICES: HELPING YOU
7   HELP OTHERS

8

9                  UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11  PATRICK CONNALLY, an individual; and )   **CASE NO. CV 08-02163 PJH**
    DISABILITY RIGHTS, ENFORCEMENT,   )      <u>Civil Rights</u>
12  EDUCATION, SERVICES:HELPING YOU)
    HELP OTHERS, a California public benefit )   **FIRST AMENDED COMPLAINT FOR**
13  corporation,                       )      **INJUNCTIVE RELIEF AND DAMAGES:**
                                       )
14          Plaintiffs,                )      **1st CAUSE OF ACTION:** For Denial of Access
                                       )      by a Public Accommodation in Violation of the
15  v.                                 )      Americans with Disabilities Act of 1990 (42
                                       )      U.S.C. §12101, *et seq.*)
16  ALL STAR DOUGHNUTS; ALKAR          )
    PROPERTIES LLC, a limited liability )     **2nd CAUSE OF ACTION:** For Denial of Full
17  company; HO CHAY LY and PAUL VAN   )      and Equal Access in Violation of California
    LY, individuals dba ALL STAR       )      Civil Code §§54, 54.1 and 54.3
18  DOUGHNUTS,                         )
                                       )      **3rd CAUSE OF ACTION:** For Denial of
19          Defendants.                )      Accessible Sanitary Facilities in Violation of
    _____)      California Health & Safety Code §19955, *et seq.*
20
                                              **4th CAUSE OF ACTION:** For Denial of
21                                            Access to Full and Equal Accommodations,
                                              Advantages, Facilities, Privileges and/or
22                                            Services in Violation of California Civil Code
                                              §51, *et seq.* (The Unruh Civil Rights Act)
23

24

25                                            **DEMAND FOR JURY**

26

27

28

Plaintiffs PATRICK CONNALLY, an individual; and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation (hereinafter sometimes referred to as "DREES"), complain of defendants ALKAR PROPERTIES LLC, a limited liability company; HO CHAY LY and PAUL VAN LY, individuals dba ALL STAR DOUGHNUTS and allege as follows:

**INTRODUCTION:**

1. This is a civil rights action for discrimination against persons with physical disabilities, of which class plaintiff PATRICK CONNALLY and the membership of DREES are members, for failure to remove architectural barriers structural in nature at defendants' ALL STAR DOUGHNUTS, a place of public accommodation, thereby discriminatorily denying plaintiffs and the class of other similarly situated persons with physical disabilities access to, the full and equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services, and accommodations thereof. Plaintiffs seek injunctive relief and damages pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code §§51, 51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

2. Plaintiff PATRICK CONNALLY is a person with physical disabilities who, on or about September 14, 2007, October 18, 2007, November 15, 2007, March 13, 2008, March 31, 2008, April 8, 2008 and May 14, 2008, was an invitee, guest, patron, customer at defendants' ALL STAR DOUGHNUTS, in the City of San Francisco, California. At said time and place, defendants failed to provide proper legal access to the ALL STAR DOUGHNUTS, which is a "public accommodation" and/or a "public facility" including, but not limited to the entrance. The denial of access was in violation of both federal and California legal requirements, and plaintiff PATRICK CONNALLY suffered violation of his civil rights to full and equal access, and was embarrassed and humiliated.

**JURISDICTION AND VENUE:**

3. **Jurisdiction:** This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.* Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same

1  nucleus of operative facts and arising out of the same transactions, are also brought under parallel

2  California law, whose goals are closely tied with the ADA, including but not limited to violations

3  of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et*

4  *seq.*, including §19959; Title 24 California Building Standards Code.

5    4.    **Venue:**   Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is

6  founded on the facts that the real property which is the subject of this action is located at/near

7  901 Clement Street, in the City and County of San Francisco, State of California, and that

8  plaintiffs' causes of action arose in this county.

9  **PARTIES:**

10    5.    Plaintiff PATRICK CONNALLY is a "physically handicapped person", a

11  "physically disabled person", and a "person with physical disabilities" (hereinafter the terms

12  "physically disabled", "physically handicapped" and "person with physical disabilities" are used

13  interchangeably, as these words have similar or identical common usage and legal meaning, but

14  the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically

15  handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54, 54.1 and 55, and other

16  statutory measures refer to protection of the rights of "physically disabled persons").  Plaintiff

17  PATRICK CONNALLY is a "person with physical disabilities", as defined by all applicable

18  California and United States laws.  Plaintiff has severe traumatic head injury, chronic arthritis in

19  upper extremities and constant joint inflammation, pain and swelling.  Plaintiff PATRICK

20  CONNALLY requires the use of a wheelchair to travel about in public.  Consequently, plaintiff

21  PATRICK CONNALLY is a member of that portion of the public whose rights are protected by

22  the provisions of Health & Safety Code §19955, *et seq.* (entitled "Access to Public

23  Accommodations by Physically Handicapped Persons") and the protections of the Unruh Civil

24  Rights Act, Civil Code §§51 and 51.5 the Disabled Persons Act, Civil Code §54, and the

25  Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*

26    6.    Plaintiff DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES:

27  HELPING YOU HELP OTHERS ("DREES") is a nonprofit (501(c)(3)) organization that works

28  with persons with disabilities to empower them to be independent in American society.  DREES

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

accomplishes its goals and purposes through education on disability issues, enforcement of the rights of persons with disabilities, and the provision of services to persons with disabilities, the general public, public agencies and the private business sector.  DREES brings this action on behalf of its members, many of whom are persons with physical disabilities and whom have standing in their right to bring this action.

7.    That members of DREES, like plaintiff PATRICK CONNALLY, will or have been guests and invitees at the subject ALL STAR DOUGHNUTS, and that the interests of plaintiff DREES in removing architectural barriers at the subject doughnut house advance the purposes of DREES to assure that all public accommodations, including the subject doughnut house, are accessible to independent use by mobility-impaired persons.  The relief sought by plaintiff DREES as alleged herein is purely statutory in nature.

8.    Defendants ALKAR PROPERTIES LLC, a limited liability company; HO CHAY LY AND PAUL VAN LY, individuals dba ALL STAR DOUGHNUTS (hereinafter alternatively collectively referred to as "defendants") are the owners and operators, lessors and/or lessees, or agents of the owners, lessors and/or lessees, of the public accommodation known as ALL STAR DOUGHNUTS, located at/near 901 Clement Street, San Francisco, California, or of the building and/or buildings which constitute said public accommodation.

9.    At all times relevant to this complaint, defendants ALKAR PROPERTIES LLC, a limited liability company; HO CHAY LY and PAUL VAN LY, individuals dba ALL STAR DOUGHNUTS, own and operate in joint venture the subject ALL STAR DOUGHNUTS as a public accommodation.  This business is open to the general public and conducts business therein.  The business is a "public accommodation" or "public facility" subject to the requirements of California Civil Code §§51, 51.5 and 54, *et seq.,* Health and Safety code §19955, *et seq.,* and the ADA, 42 U.S.C. §12101, *et seq.*

///

///

///

10. At all times relevant to this complaint, defendants ALKAR PROPERTIES LLC, a limited liability company; HO CHAY LY and PAUL VAN LY, individuals dba ALL STAR DOUGHNUTS are jointly and severally responsible to identify and remove architectural barriers at the subject ALL STAR DOUGHNUTS pursuant to Code of Federal Regulations title 28, section 36.201(b), which states in pertinent part:

> **§ 36.201      General**
>
> (b) *Landlord and tenant responsibilities.* Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part.  As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.

28 CFR §36.201(b)

**PRELIMINARY FACTUAL ALLEGATIONS:**

11. The ALL STAR DOUGHNUTS, is a bakery, located at/near 901 Clement Street, San Francisco, California.  The ALL STAR DOUGHNUTS, its entrance, and its other facilities are each a "place of public accommodation or facility" subject to the barrier removal requirements of the Americans with Disabilities Act.  On information and belief, each such facility has, since July 1, 1970, undergone "alterations, structural repairs and additions", each of which has subjected the ALL STAR DOUGHNUTS and each of its facilities, its entrance to disability access requirements per the Americans with Disabilities Act Accessibility Guidelines (ADAAG), and Title 24 of the California Code of regulations (Title 24).

12. At all times stated herein, plaintiff PATRICK CONNALLY was a member of DREES.

13. At all times referred to herein and continuing to the present time, defendants, and each of them, advertised, publicized and held out the ALL STAR DOUGHNUTS as being handicapped accessible and handicapped usable.

///

///

///

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

14.     On or about September 14, 2007, October 18, 2007, November 15, 2007, March 13, 2008, March 31, 2008, April 8, 2008 and May 14, 2008, plaintiff PATRICK CONNALLY was an invitee and guest at the subject ALL STAR DOUGHNUTS, for purposes of purchasing doughnuts, croissants and the like.

15.     On or about September 14, 2007, plaintiff PATRICK CONNALLY wheeled to the ALL STAR DOUGHNUTS.  The entrance to ALL STAR DOUGHNUTS does not have a level landing.  It has a slight slope.  The slope is of a sufficient degree that a wheelchair will roll back if the user stops at the entrance.  The doorway is comprised of two doors.  Each door has less than thirty-two (32) inches of clear space.  Each door does not meet the minimum statutory requirements for access.

16.     When Plaintiff PATRICK CONNALLY on this occasion and other occasions approaches the entrance, he cannot independently open a door or can only attempt to do so with great difficulty.  The door pressure appeared to exceed five pounds.  This is a stressful and strenuous situation.  Plaintiff PATRICK CONNALLY gained entry when a passer by, coming into the ALL STAR DOUGHNUTS opened and held open a door to allow plaintiff PATRICK CONNALLY access.

17.     On or about September 14, 2007, October 18, 2007, November 15, 2007, March 13, 2008 and March 31, 2008, plaintiff PATRICK CONNALLY patronized ALL STAR DOUGHNUTS and each time encountered the same architectural barriers.

18.     On or about December 19, 2007,  plaintiff PATRICK CONNALLY wrote both the landlord and tenant about the door problem.   Plaintiff PATRICK CONNALLY never received a response to these two letters.

19.     On or about April 1, 2008,  plaintiff PATRICK CONNALLY again wrote the landlord and tenant a letter.  Plaintiff PATRICK CONNALLY pointed out how the situation could be remedied.  Simply remove the narrow double doors and put in a wide door and panel, reduce the door pressure and install lever hardware.   Plaintiff PATRICK CONNALLY sought an early response.

///

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

20.    On or about April 5, 2008, Plaintiff PATRICK CONNALLY received a letter from the manager of ALL STAR DOUGHNUTS. The letter in substance stated: " I can't make everything easy for everybody...or happy. Doors open both ways. Told my employees to watch for you and open doors."

21.    On or about April 8, 2008, plaintiff PATRICK CONNALLY returned to ALL STAR DOUGHNUTS. Once again, plaintiff PATRICK CONNALLY encountered the same architectural barriers.

22.    On or about May 14, 2008, plaintiff PATRICK CONNALLY returned to ALL STAR DOUGHNUTS. No remedial work had been done to the doors. On this occasion it was quite warm outside, and the double doors were propped open. A patron opened the doors.

23.    Therefore, at said times and place, plaintiff PATRICK CONNALLY, a person with a disability, encountered the following inaccessible elements of the subject ALL STAR DOUGHNUTS which constituted architectural barriers and a denial of the proper and legally-required access to a public accommodation to persons with physical disabilities including, but not limited to:

       a.    lack of directional signage to show accessible routes of travel, i.e entrances;

       b.    lack of an accessible entrance;

       c.    lack of the International Symbol of Access (ISA); and

       d.    On personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

24.    At all times stated herein, the existence of architectural barriers at defendants' place of public accommodation evidenced "actual notice" of defendants' intent not to comply with the Americans with Disabilities Act of 1990 either then, now or in the future.

///

///

///

///

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

25.     On or about December 19, 2007 and April 1, 2008, defendants were sent a total of four (4) letters by or on behalf of plaintiff PATRICK CONNALLY advising of the existence of architectural barriers, requesting a response within 14 days and requesting remedial measures be undertaken within 90 days or an explanation of why the time limit set could not be met and/or extenuating circumstances. Plaintiff PATRICK CONNALLY received a response dated April 3, 2008, which meant that the entrance would not be made accessible.  Said letters are attached hereto collectively as exhibit "A" and incorporated by reference as though fully set forth herein.  The letter written by the manager of ALL STAR DOUGHNUTS evidenced an intent not to seek or engage in an early and reasonable resolution of the matter.

26.     At all times stated herein, defendants, and each of them, did not act as reasonable and prudent landlord/tenant and were "negligent per se" or at a minimum negligent for not removing architectural barriers that would foreseeably prevent plaintiff PATRICK CONNALLY from receiving the same goods and services as able bodied people and some of which may and did pose a threat of harm and/or personal injury to people with disabilities.  Therefore as a legal result of defendants breach of duty to remove those barriers encountered by plaintiff, plaintiff suffered bodily injury.

27.     As a legal result of defendants ALKAR PROPERTIES LLC, a limited liability company; HO CHAY LY and PAUL VAN LY, individuals dba ALL STAR DOUGHNUTS' failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to plaintiffs and other persons with disabilities, plaintiffs suffered the damages as alleged herein.

28.     As a further legal result of the actions and failure to act of defendants, and as a legal result of the failure to provide proper handicapped-accessible public facilities as set forth herein, plaintiffs were denied their civil rights to full and equal access to public facilities.

29.     Further, plaintiff PATRICK CONNALLY suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, anger, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access, all to his damages as

1 prayed hereinafter in an amount within the jurisdiction of this court.  No claim is being made for

2 mental and emotional distress over and above that usually associated with the discrimination and

3 physical injuries claimed, and no expert testimony regarding this usual mental and emotional

4 distress will be presented at trial in support of the claim for damages.

5      30.    Defendants', and each of their, failure to remove the architectural barriers

6 complained of herein created, at the time of plaintiff PATRICK CONNALLY's first visit to said

7 public accommodation, and continues to create continuous and repeated exposure to substantially

8 the same general harmful conditions which caused plaintiff PATRICK CONNALLY harm as

9 stated herein.

10      31.    Plaintiff PATRICK CONNALLY and the membership of DREES were denied

11 their rights to equal access to a public facility by defendants ALKAR PROPERTIES LLC, a

12 limited liability company; HO CHAY LY and PAUL VAN LY, individuals dba ALL STAR

13 DOUGHNUTS, because defendants ALKAR PROPERTIES LLC, a limited liability company;

14 HO CHAY LY and PAUL VAN LY, individuals dba ALL STAR DOUGHNUTS maintained a

15 doughnut house without access for persons with physical disabilities to its facilities, including but

16 not limited to the entrance, and other public areas as stated herein, and continue to the date of

17 filing this complaint to deny equal access to plaintiffs and other persons with physical disabilities

18 in these and other ways.

19      32.    On information and belief, construction alterations carried out by defendants have

20 also triggered access requirements under both California law and the Americans with Disabilities

21 Act of 1990.

22      33.    Plaintiffs, as described hereinbelow, seek injunctive relief to require the ALL

23 STAR DOUGHNUTS to be made accessible to meet the requirements of both California law and

24 the Americans with Disabilities Act of 1990, whichever is more restrictive, so long as defendants

25 operate the ALL STAR DOUGHNUTS as a public facility.

26      34.    Plaintiffs seek damages for violation of their civil rights on September 14, 2007,

27 October 18, 2007, November 15, 2007, March 13, 2008, March 31, 2008, April 8, 2008 and May

28 14, 2008, and they seek statutory damages of not less than $4,000, pursuant to Civil Code §52(a)

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   or alternatively $1000 pursuant to Civil Code §54.3, for each day after his visit that the trier of

2   fact (court/jury) determines was the date that some or all remedial work should have been

3   completed under the standard that the landlord and tenant had an ongoing duty to identify and

4   remove architectural barriers where it was readily achievable to do so, which deterred plaintiff

5   PATRICK CONNALLY from returning to the subject public accommodation because of his

6   knowledge and/or belief that neither some or all architectural barriers had been removed and that

7   said premises remains inaccessible to persons with disabilities whether a wheelchair user or

8   otherwise.

9       35.    On information and belief, defendants have been negligent in their affirmative duty

10  to identify the architectural barriers complained of herein and negligent in the removal of some or

11  all of said barriers.

12      36.    Because of defendants' violations, plaintiffs and other persons with physical

13  disabilities are unable to use public facilities such as those owned and operated by defendants on a

14  "full and equal" basis unless such facility is in compliance with the provisions of the Americans

15  with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and

16  other accessibility law as plead herein.  Plaintiffs seek an order from this court compelling

17  defendants to make the ALL STAR DOUGHNUTS accessible to persons with disabilities.

18      37.    On information and belief, defendants have intentionally undertaken to modify and

19  alter existing building(s), and have failed to make them comply with accessibility requirements

20  under the requirements of ADAAG and Title 24.  The acts and omission of defendants, and each

21  of them, in failing to provide the required accessible public facilities at

22  the time of plaintiff's visit and injuries, indicate actual and implied malice toward plaintiffs, and

23  despicable conduct carried out by defendants, and each of them, with a willful and conscious

24  disregard for the rights and safety of plaintiffs and other similarly situated persons, and justify a

25  trebling of damages as provided by Civil Code §§52(a) and 54.3, in order to make a more

26  profound example of defendants, and each of them, to other operators of other bakeries, doughnut

27  houses, sweet shops, and other public facilities, and to punish defendants and to carry out the

28  purposes of  the Civil Code §§ 51, 51.5 and 54.

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

38.     Plaintiffs are informed and believe and therefore allege that defendants ALKAR PROPERTIES LLC, a limited liability company; HO CHAY LY and PAUL VAN LY, individuals dba ALL STAR DOUGHNUTS, and each of them, caused the subject building(s) which constitute the ALL STAR DOUGHNUTS to be constructed, altered and maintained in such a manner that persons with physical disabilities were denied full and equal access to, within and throughout said building(s) of the doughnut house and were denied full and equal use of said public facilities.  Furthermore, on information and belief, defendants have continued to maintain and operate said doughnut house and/or its building(s) in such conditions up to the present time, despite actual and constructive notice to such defendants that the configuration of ALL STAR DOUGHNUTS and/or its building(s) is in violation of the civil rights of persons with physical disabilities, such as plaintiff PATRICK CONNALLY, the membership of plaintiff DREES and the disability community which DREES serves.  Such construction, modification, ownership, operation, maintenance and practices of such public facilities are in violation of Civil Code §§51, 51.5 and 54, Health and Safety Code §19955, and the ADA, 42 U.S.C. §12101, *et seq.*

39.     On personal knowledge, information and belief, the basis of defendants' actual and constructive notice that the physical configuration of the facilities including, but not limited to, architectural barriers constituting the ALL STAR DOUGHNUTS and/or building(s) was in violation of the civil rights of persons with physical disabilities, such as plaintiffs, includes, but is not limited to, communications with invitees and guests, plaintiff PATRICK CONNALLY himself,  owners of other bakeries, doughnut houses, sweet shops and businesses, notices they obtained from governmental agencies upon modification, improvement, or substantial repair of the subject premises and other properties owned by these defendants, newspaper articles and trade publications regarding the Americans with Disabilities Act of 1990 and other access laws, public service announcements by former U.S. Attorney General Janet Reno between 1993 and 2000, and other similar information.  Defendants' failure, under state and federal law, to make the ALL STAR DOUGHNUTS  accessible is further evidence of defendants' conscious disregard for the rights of plaintiff and other similarly situated persons with disabilities.  Despite being informed of such effect on plaintiff and other persons with physical disabilities due to the lack of accessible

1  facilities, defendants, and each of them, knowingly and willfully refused to take any steps to

2  rectify the situation and to provide full and equal access for plaintiffs and other persons with

3  physical disabilities to the ALL STAR DOUGHNUTS.  Said defendants, and each of them, have

4  continued such practices, in conscious disregard for the rights of plaintiffs and other persons with

5  physical disabilities, up to the date of filing of this complaint, and continuing thereon.  Defendants

6  had further actual knowledge of the architectural barriers referred to herein by virtue of the

7  demand letter addressed to the defendants and served concurrently with the summons and

8  complaint.  Said conduct, with knowledge of the effect it was and is having on plaintiffs and other

9  persons with physical disabilities, constitutes despicable conduct in conscious disregard of the

10  rights and safety of plaintiffs and of other similarly situated persons, justifying the imposition of

11  treble damages per Civil Code §§52 and 54.3.

12      40.    Plaintiff PATRICK CONNALLY and plaintiff DREES, on behalf of its

13  membership and the disability community which it serves, consisting of persons with disabilities,

14  would, could and will return to the subject public accommodation when it is made accessible to

15  persons with disabilities.

16  **I.    FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC**
     **ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**
17   **DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
     (On behalf of Plaintiffs PATRICK CONNALLY and DISABILITY RIGHTS
18   ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a
     California public benefit corporation and Against Defendants ALKAR PROPERTIES
19   LLC, a limited liability company; HO CHAY LY and PAUL VAN LY, individuals dba
     ALL STAR DOUGHNUTS, inclusive)
20   (42 U.S.C. §12101, *et seq.*)

21      41.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the

22  allegations contained in paragraphs 1 through 40 of this complaint.

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

42.     Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

43.     Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

44.     As part of the Americans with Disabilities Act of 1990, Public Law 101-336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*).  Among the public accommodations identified for purposes of this title was:

> (7)     PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -
>
>> (B) a restaurant, bar or other establishment serving food or drink;
>>
>> (E) a bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment.

42 U.S.C. §12181(7)(B)(E)

///

///

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

45.     Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation".

46.     The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

(I)     the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;

(ii)     a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

(iii)     a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

(iv)     a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

(v)     where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

The acts of defendants set forth herein were a violation of plaintiffs' rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective January 31, 1993, the standards of the ADA were also incorporated into California Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

47.     The removal of the barriers complained of by plaintiffs as hereinabove alleged was at all times after January 26, 1992 "readily achievable" as to the subject building(s) of ALL STAR DOUGHNUTS pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv).  On information and belief, if the removal of all the barriers complained of herein together was not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable."  On information and belief, defendants' failure to remove said barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182 (b)(2)(A)(i)and (ii).

48.     Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense."  The statute defines relative "expense" in part in relation to the total financial resources of the entities involved.  Plaintiffs allege that properly repairing, modifying, or altering each of the items that plaintiffs complain of herein were and are "readily achievable" by the defendants under the standards set forth under §301(9) of the Americans with Disabilities Act.  Furthermore, if it was not "readily achievable" for defendants to remove each of such barriers, defendants have failed to make the required services available through alternative methods which were readily achievable.

49.     On information and belief, construction work on, and modifications of, the subject building(s) of ALL STAR DOUGHNUTS occurred after the compliance date for the Americans with Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of the ADA.

50.     Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et seq.*, plaintiffs are entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiffs are being subjected to discrimination on the basis of disability in violation of this title or have reasonable grounds for believing that plaintiffs are about to be subjected to discrimination in violation of §302.  Plaintiffs are deterred from returning to or making use of the public facilities complained of herein so long as the premises and defendants' policies bar full and equal use by persons with physical disabilities.

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

51.    42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this title does not intend to comply with its provisions".  Pursuant to this section, plaintiff PATRICK CONNALLY has not returned to defendants' premises since on or about May 14, 2008, but on information and belief, alleges that defendants have continued to violate the law and deny the rights of plaintiffs and of other persons with physical disabilities to access this public accommodation.  Pursuant to 42 USC §12188(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

52.    Plaintiffs seek relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement the Americans with Disabilities Act of 1990, including but not limited to an order granting injunctive relief and attorneys' fees.  Plaintiffs will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

**II.    SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
(On Behalf of Plaintiffs PATRICK CONNALLY and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants ALKAR PROPERTIES LLC, a limited liability company; HO CHAY LY and PAUL VAN LY, individuals dba ALL STAR DOUGHNUTS, inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.)*

53.    Plaintiffs replead and incorporate by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 52 of this complaint.

54.    At all times relevant to this action, California Civil Code §54 has provided that persons with physical disabilities are not to be discriminated against because of physical handicap or disability.

///

///

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

This section provides that:

> (a) Individuals with disabilities . . . have the same rights as the general public to full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, and other public places.

55.    California Civil Code §54.1 provides that persons with disabilities shall not be denied full and equal access to places of public accommodation or facilities:

> (a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

Civil Code §54.1(a)(1)

56.    California Civil Code §54.1 further provides that a violation of the Americans with Disabilities Act of 1990 constitutes a violation of section 54.1:

> (d) A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act.

Civil Code §54.1(d)

57.    Plaintiff PATRICK CONNALLY and the membership of plaintiff DREES are persons within the meaning of Civil Code §54.1 whose rights have been infringed upon and violated by the defendants, and each of them, as prescribed by Civil Code §§54 and 54.1.  Each specific architectural barrier which defendants knowingly and willfully fail and refuse to remove constitutes a separate act in violation of Civil Code §§54 and 54.1.  Plaintiffs have been and continue to be denied full and equal access to defendants' ALL STAR DOUGHNUTS.  As a legal result, plaintiffs are entitled to seek damages pursuant to a court or jury determination, in accordance with California Civil Code §54.3(a) for each day on which they visited or have been

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

17

1  deterred from visiting the ALL STAR DOUGHNUTS because of their knowledge and belief that

2  the ALL STAR DOUGHNUTS is inaccessible to persons with disabilities.  California Civil Code

3  §54.3(a) provides:

> Any person or persons, firm or corporation, who denies or interferes
> with admittance to or enjoyment of the public facilities as specified
> in Sections 54 and 54.1 or otherwise interferes with the rights of an
> individual with a disability under Sections 54, 54.1 and 54.2 is
> liable for each offense for the actual damages and any amount as
> may be determined by a jury, or the court sitting without a jury, up
> to a maximum of three times the amount of actual damages but in
> no case less than . . .one thousand dollars ($1,000) and . . .
> attorney's fees as may be determined by the court in addition
> thereto, suffered by any person denied any of the rights provided in
> Sections 54, 54.1 and 54.2.

10  Civil Code §54.3(a)

11  58.  On or about September 14, 2007, October 18, 2007, November 15, 2007, March

12  13, 2008, March 31, 2008, April 8, 2008 and May 14, 2008, plaintiff PATRICK CONNALLY

13  suffered violations of Civil Code §§54 and 54.1 in that plaintiff PATRICK CONNALLY was

14  denied entrance at the ALL STAR DOUGHNUTS and on the basis that plaintiff PATRICK

15  CONNALLY was a person with physical disabilities.

16  59.  As a result of the denial of equal access to defendants' facilities due to the acts and

17  omissions of defendants, and each of them, in owning, operating and maintaining these subject

18  public facilities, plaintiffs suffered violations of plaintiffs' civil rights, including but not limited to

19  rights under Civil Code §§54, 54.1 and 54.3, and plaintiff PATRICK CONNALLY suffered

20  physical discomfort and bodily injury.

21  60.  Further, plaintiff PATRICK CONNALLY suffered mental distress, mental

22  suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration, anger,

23  disappointment and worry, all of which are expectedly and naturally associated with a denial of

24  access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated.

25  Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole

26  basis that plaintiffs are persons or an entity that represents persons with physical disabilities and

27  unable, because of the architectural barriers created and maintained by the defendants in violation

28

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   of the subject laws, to use the public facilities hereinabove described on a full and equal basis as

2   other persons.

3        61.    Plaintiffs have been damaged by defendants', and each of their, wrongful conduct

4   and seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 and 55 for violation of

5   plaintiffs' rights as persons or an entity that represents persons with physical disabilities on or

6   about September 14, 2007, October 18, 2007, November 15, 2007, March 13, 2008, March 31,

7   2008, April 8, 2008 and May 14, 2008, and on a continuing basis since then, including statutory

8   damages, a trebling of all of actual damages, general and special damages available pursuant to

9   §54.3 of the Civil Code according to proof.

10       62.    As a result of defendants', and each of their, acts and omissions in this regard,

11  plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce

12  plaintiffs' rights and enforce the provisions of the law protecting access for persons with physical

13  disabilities and prohibiting discrimination against persons with physical disabilities.  Pursuant to

14  the provisions of Civil Code §54.3 and §55, plaintiffs therefore will seek recovery in this lawsuit

15  for all reasonable attorneys' fees and costs incurred if deemed the prevailing party.  Additionally,

16  plaintiffs' lawsuit is intended not only to obtain compensation for damages to plaintiffs, but also

17  to compel the defendants to make their facilities accessible to all members of the public with

18  disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to

19  the provisions of §1021.5 of the Code of Civil Procedure.

20       Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

21  **III.    THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY
         FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***

22       (On Behalf of Plaintiffs PATRICK CONNALLY and DISABILITY RIGHTS,
         ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a

23       California public benefit corporation and Against Defendants ALKAR PROPERTIES
         LLC, a limited liability company; HO CHAY LY and PAUL VAN LY, individuals dba

24       ALL STAR DOUGHNUTS, inclusive)
         (Health & Safety Code §19955, *et seq.*)

25

26       63.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the

    allegations contained in paragraphs 1 through 62 of this complaint.

27  ///

28

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

64.    Health & Safety Code §19955 provides in pertinent part:

> The purpose of this part is to insure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code.  For the purposes of this part "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and convention centers.  When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for the handicapped.

65.    Health & Safety Code §19956, which appears in the same chapter as §19955, provides in pertinent part, "accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code . . . ."  Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all public accommodations constructed or altered after that date.  On information and belief, portions of the ALL STAR DOUGHNUTS and/or of the building(s) were constructed and/or altered after July 1, 1970, and substantial portions of the doughnut house and/or the building(s) had alterations, structural repairs, and/or additions made to such public accommodations after July 1, 1970, thereby requiring said doughnut house and/or building to be subject to the requirements of Part 5.5, §19955, *et seq.*, of the Health & Safety Code upon such alteration, structural repairs or additions per Health & Safety Code §19959.

66.    Pursuant to the authority delegated by Government Code §4450, *et seq*, the State Architect promulgated regulations for the enforcement of these provisions.  Effective July 1, 1982, Title 24 of the California Building Standards Code adopted the California State Architect's Regulations and these regulations must be complied with as to any alterations and/or modifications of ALL STAR DOUGHNUTS and/or the building(s) occurring after that date.  Construction changes occurring prior to this date but after July 1, 1970 triggered access requirements pursuant to the "ASA" requirements, the American Standards Association Specifications, A117.1-1961.  On information and belief, at the time of the construction and modification of said building, all buildings and facilities covered were required to conform to

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  each of the standards and specifications described in the American Standards Association

2  Specifications and/or those contained in Title 24 of the California Building Standards Code.

3      67.    Bakeries such as the ALL STAR DOUGHNUTS are "public accommodations or

4  facilities" within the meaning of Health & Safety Code §19955, *et seq*.

5      68.    As a result of the actions and failure to act of defendants, and as a result of the

6  failure to provide proper and legally handicapped-accessible public facilities, plaintiffs were

7  denied plaintiffs' rights to full and equal access to public facilities and suffered a loss of plaintiffs'

8  civil rights and plaintiffs' rights as persons with physical disabilities to full and equal access to

9  public facilities.

10      69.    Attorneys' Fees -- As a result of defendants' acts and omissions in this regard,

11  plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce

12  plaintiffs' civil rights and enforce provisions of the law protecting access for the persons with

13  physical disabilities and prohibiting discrimination against the persons with physical disabilities,

14  and to take such action both in plaintiffs' own interests and in order to enforce an important right

15  affecting the public interest.  Plaintiffs, therefore, seek in this lawsuit the recovery of all

16  reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure

17  §1021.5.  Plaintiffs additionally seek attorneys' fees pursuant to Health & Safety Code §19953

18  and Civil Code §§54.3 and 55 and/or in the alternative, plaintiffs will seek attorneys' fees, costs

19  and litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-

20  3(a)).  Plaintiffs will seek attorneys' fees conditioned upon being deemed to be the prevailing

21  party.

22      70.    Plaintiffs seek injunctive relief for an order compelling defendants, and each of

23  them, to make the subject place of public accommodation readily accessible to and usable by

24  persons with disabilities.

25  ///

26  ///

27  ///

28  ///

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    Wherefore, plaintiffs pray for damages and relief as hereinafter stated.

2  **IV.    FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND
        EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES
3        AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET
        SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
4        (On Behalf of Plaintiffs PATRICK CONNALLY and DISABILITY RIGHTS,
        ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a
5        California public benefit corporation, and Against Defendants ALKAR PROPERTIES
        LLC, a limited liability company; HO CHAY LY and PAUL VAN LY, individuals dba
6        ALL STAR DOUGHNUTS, inclusive)
        (Civil Code §51, 51.5)

7
        71.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the
8
allegations contained in paragraphs 1 through 70 of this complaint.
9
        72.    Defendants' actions and omissions and failure to act as a reasonable and prudent
10
public accommodation in identifying, removing and/or creating architectural barriers, policies,
11
practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act.  The
12
Unruh Act provides:
13
            This section shall be known, and may be cited, as the Unruh
14        Civil Rights Act.

15            All persons within the jurisdiction of this state are free and
        equal, and no matter what their sex, race, color, religion, ancestry,
16        national origin, or **disability** are entitled to the full and equal
        accommodations, advantages, facilities, privileges, or services in all
17        business establishments of every kind whatsoever.

18            This section shall not be construed to confer any right or
        privilege on a person that is conditioned or limited by law or that is
19        applicable alike to persons of every sex, color, race, religion,
        ancestry, national origin, or **disability.**
20
            Nothing in this section shall be construed to require any
21        construction, alteration, repair, structural or otherwise, or
        modification of any sort whatsoever, beyond that construction,
22        alteration, repair, or modification that is otherwise required by other
        provisions of law, to any new or existing establishment, facility,
23        building, improvement, or any other structure . . . nor shall anything
        in this section be construed to augment, restrict, or alter in any way
24        the authority of the State Architect to require construction,
        alteration, repair, or modifications that the State Architect otherwise
25        possesses pursuant to other . . . laws.

26            A violation of the right of any individual under the
        Americans with Disabilities Act of 1990 (Public Law 101-336) shall
27        also constitute a violation of this section.

28  ///

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the "intent" of the defendants in not complying with barrier removal is not an issue. Hence, the failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or failing to act to identify and remove barriers can be construed as a "negligent per se" act of defendants, and each of them.

73.    The acts and omissions of defendants stated herein are discriminatory in nature and in violation of Civil Code §51.5:

> No business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, refuse to buy from, sell to, or trade with any person in this state because of the race, creed, religion, color, national origin, sex, or **disability** of the person or of the person's partners, members, stockholders, directors, officers, managers, superintendents, agents, employees, business associates, suppliers, or customers.

> As used in this section, "person" includes any person, firm association, organization, partnership, business trust, corporation, limited liability company, or company.

> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other laws.

74.    Defendants' acts and omissions as specified have denied to plaintiffs full and equal accommodations, advantages, facilities, privileges and services in a business establishment, on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil Rights Act. Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section". Plaintiffs accordingly incorporate the entirety of their above cause of action for violation of the Americans with Disabilities Act at §41, *et seq*., as if repled herein.

///

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

75.    As a legal result of the violation of plaintiff PATRICK CONNALLY's civil rights as hereinabove described, plaintiff PATRICK CONNALLY has suffered general damages and bodily injury.

**PRAYER:**

Plaintiffs pray that this court award damages and provide relief as follows:

**I.    PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
(On Behalf of Plaintiffs PATRICK CONNALLY and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants ALKAR PROPERTIES LLC, a limited liability company; HO CHAY LY and PAUL VAN LY, individuals dba ALL STAR DOUGHNUTS, inclusive)
(42 U.S.C. §12101, *et seq.*)

1.    For injunctive relief, compelling defendants ALKAR PROPERTIES LLC, a limited liability company; HO CHAY LY and PAUL VAN LY, individuals dba ALL STAR DOUGHNUTS, inclusive, to make the ALL STAR DOUGHNUTS, located at 901 Clement Street, San Francisco, California, readily accessible to and usable by individuals with disabilities, per 42 U.S.C §12181, *et seq.*, and to make reasonable modifications in policies, practice, eligibility criteria and procedures so as to afford full access to the goods, services, facilities, privileges, advantages and accommodations being offered.

2.    For attorneys' fees, litigation expenses and costs of suit, if plaintiffs are deemed the prevailing party; and

3.    For such other and further relief as the court may deem proper.

**II.    PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEQ.***
(On Behalf of Plaintiffs PATRICK CONNALLY and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants ALKAR PROPERTIES LLC, a limited liability company; HO CHAY LY and PAUL VAN LY, individuals dba ALL STAR DOUGHNUTS, inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

1.    For injunctive relief, compelling defendants ALKAR PROPERTIES LLC, a limited liability company; HO CHAY LY and PAUL VAN LY, individuals dba ALL STAR DOUGHNUTS, inclusive, to make the ALL STAR DOUGHNUTS, located at 901 Clement

1   Street, San Francisco, California, readily accessible to and usable by individuals with disabilities,

2   per state law.

3       2.    Statutory damages as afforded by Civil Code §54.3 for the date of incident and for

4   each occasion on which plaintiffs were deterred from returning to the subject public

5   accommodation.

6       3.    Attorneys' fees pursuant to Civil Code §54.3 and §55 and Code of Civil Procedure

7   §1021.5, if plaintiffs are deemed the prevailing party;

8       4.    Treble damages pursuant to Civil Code §54.3;

9       5.    For all costs of suit;

10      6.    Prejudgment interest pursuant to Civil Code §3291;

11      7.    Such other and further relief as the court may deem just and proper.

12  **III.    PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND
         EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1**
13       **AND 54.3, *ET SEQ.***
         (On Behalf of Plaintiff PATRICK CONNALLY, and Against Defendants ALKAR
14       PROPERTIES LLC, a limited liability company; HO CHAY LY and PAUL VAN LY,
         individuals dba ALL STAR DOUGHNUTS, inclusive),
15       (California Civil Code §§54, 54.1, 54.3, *et seq.*)

16      1.    General and compensatory damages according to proof.

17  **IV.    PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE
         SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE**
18       **§19955, *ET. SEQ.***
         (On Behalf of Plaintiffs PATRICK CONNALLY and DISABILITY RIGHTS
19       ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a
         California public benefit corporation, and Against Defendants ALKAR PROPERTIES
20       LLC, a limited liability company; HO CHAY LY and PAUL VAN LY, individuals dba
         ALL STAR DOUGHNUTS, inclusive)
21       (Health & Safety code §19955, *et seq.*)

22      1.    For injunctive relief, compelling defendants ALKAR PROPERTIES LLC, a

23  limited liability company; HO CHAY LY and PAUL VAN LY, individuals dba ALL STAR

24  DOUGHNUTS, inclusive, to make the ALL STAR DOUGHNUTS, located at 901 Clement

25  Street, San Francisco, California, readily accessible to and usable by individuals with disabilities,

26  per state law.

27      2.    For attorneys' fees pursuant to Code of Civil Procedure §1021.5, Civil Code §55,

28  and/or, alternatively, Health & Safety Code §19953, if plaintiffs are deemed the prevailing party;

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1     3.    For all costs of suit;

2     4.    For prejudgment interest pursuant to Civil Code §3291;

3     5.    Such other and further relief as the court may deem just and proper.

4   **V.    PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO
          FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES,
5         PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL
          CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
6   (On Behalf of Plaintiffs PATRICK CONNALLY and DISABILITY RIGHTS
    ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a
7   California public benefit corporation and Against Defendants ALKAR PROPERTIES
    LLC, a limited liability company; HO CHAY LY and PAUL VAN LY, individuals dba
8   ALL STAR DOUGHNUTS, inclusive)
    (California Civil Code §§51, 51.5, *et seq.*)

9
10    1.    All statutory damages as afforded by Civil Code §52(a) for the date of incident and

11  for each occasion on which plaintiffs were deterred from returning to the subject public

12  accommodation;

13    2.    Attorneys' fees pursuant to Civil Code §52(a), if plaintiffs are deemed the

14  prevailing party;

15    3.    Treble damages pursuant to Civil Code §52(a);

16    4.    For all costs of suit;

17    5.    Prejudgment interest pursuant to Civil Code §3291; and

18    6.    Such other and further relief as the court may deem just and proper.

19
20  ///
    ///
21  ///
    ///
22  ///
    ///
23  ///
    ///
24  ///
    ///
25  ///
    ///
26  ///
    ///
27  ///
    ///
28

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**VI.    PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiff PATRICK CONNALLY, and Against Defendants ALKAR PROPERTIES LLC, a limited liability company; HO CHAY LY and PAUL VAN LY, individuals dba ALL STAR DOUGHNUTS, inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1.    General and compensatory damages to plaintiff PATRICK CONNALLY according to proof.

Dated: May 20, 2008                    THOMAS E. FRANKOVICH
                                       *A PROFESSIONAL LAW CORPORATION*


By: _____/S/_____
                    THOMAS E. FRANKOVICH
            Attorneys for Plaintiffs PATRICK CONNALLY and
            DISABILITY RIGHTS ENFORCEMENT, EDUCATION,
            SERVICES:HELPING YOU HELP OTHERS, a California
            public benefit corporation

### DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury for all claims for which a jury is permitted.

Dated: May 20, 2008                    THOMAS E. FRANKOVICH
                                       *A PROFESSIONAL LAW CORPORATION*


By: _____/S/_____
                    THOMAS E. FRANKOVICH
            Attorneys for Plaintiffs PATRICK CONNALLY and
            DISABILITY RIGHTS, ENFORCEMENT, EDUCATION,
            SERVICES:HELPING YOU HELP OTHERS, a California
            public benefit corporation

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

# EXHIBIT A

Patrick Connally
164 N. San Pedro Rd., Apt C103
San Rafael, CA 94903

December 19, 2007

Manager
All Star Donuts
901 Clement Street
San Francisco, CA 94118

Dear Manager of All Star Donuts:

Recently *(or some time ago)* I visited All Star Donuts a couple of times. As I use a wheelchair, I had problems with the double doors and door pressure. I couldn't wheel in until either a patron opened a door and opened the other door to make it easy for me to wheel in. You need a wide door and to reduce the door pressure.

Anyway, I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to All Star once it's accessible to me. I may still come back before you do the work just because I like the place. If there is some problem doing this please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the federal government at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your account already has this information or knows about it.

Thank you for considering my request.

Thank You,

*Patrick Connally*

Patrick Connally
164 N. San Pedro Rd., Apt C103
San Rafael, CA 94903

December 19, 2007

Owner of the building for
All Star Donuts
901 Clement Street
San Francisco, CA 94118

Dear Owner of Building for All Star Donuts:

Recently *(or some time ago)* I visited All Star Donuts a couple of times.  As I use a wheelchair, I had problems with the double doors and door pressure.  I couldn't wheel in until either a patron opened a door and opened the other door to make it easy for me to wheel in.  You need a wide door and to reduce the door pressure.

Anyway, I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months.  I'd like a written agreement.  If you cannot do this would you forward my letter to whomever is in charge.  I'd like to come back to All Star once it's accessible to me.  I may still come back before you do the work just because I like the place.  If there is some problem doing this please let me know.  Would you please reply to my letter by FedEx to make sure I get your response?

I found out who might be able to help you.  If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the federal government at 1-800-514-0301.  Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you.   You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible.  That's a great deal.  You can get information on this from the two places I mentioned above.  You should talk to your accountant about it.  Maybe your account already has this information or knows about it.

Thank you for considering my request.

Thank You,

*Patrick Connally*

Patrick Connally
164 N. San Pedro Rd., Apt C103
San Rafael, CA 94903

April 1, 2008

Manager
All Star Donuts
901 Clement Street
San Francisco, CA 94118

Dear Manager of All Star Donuts,

I purchase doughnuts, coffee, and croissants at All Star. But as I've written in you in the past unless both double doors are open it's hard to get in. Why, because each door is narrow and there is a slope at the base of the door. So, it's not easy to open the doors to get in. The door pressure is also heavy. The solution is simple. Put in one big door and a pane to take up the difference. Adjust the pressure down so that the door is easy to open with a lever type door handle.

Let's make everything easy and easy for everybody. Write me back when you get my letter. Fed Ex me so you make sure I get it. Hope to hear from you in the week. Thanks so much.

Sincerely,

Patrick Connally

Patrick Connally
164 N. San Pedro Rd., Apt C103
San Rafael, CA 94903

April 1, 2008

Owner of the building for
All Star Donuts
901 Clement Street
San Francisco, CA 94118

Dear Owner of the building for All Star Donuts,

I purchase doughnuts, coffee, and croissants at All Star. But as I've written in you in the past unless both double doors are open it's hard to get in. Why, because each door is narrow and there is a slope at the base of the door. So, it's not easy to open the doors to get in. The door pressure is also heavy. The solution is simple. Put in one big door and a pane to take up the difference. Adjust the pressure down so that the door is easy to open with a lever type door handle.

Let's make everything easy and easy for everybody. Write me back when you get my letter. Fed Ex me so you make sure I get it. Hope to hear from you in the week. Thanks so much.

Sincerely,

Patrick Connally

Dear Mr. Patrick                          4-3-08

I AM The manager at the store. I
appreciate you coming to the store but
I cannot make everything easy for everybody.
I cannot make everyone happy... If you are
handicapped, I've have told my workers to
watch and open the doors to you.. Usually
my doors are always open in the evening
My doors can be opened in both ways too..
You could push it in also when you come in.
thanks for your concern....