ROGERS JOSEPH O'DONNELL
AARON P. SILBERMAN (State Bar No. 161021)
311 California Street
San Francisco, California 94104
Telephone: 415.956.2828
Facsimile: 415.956.6457

Attorneys for Defendant
ALKAR PROPERTIES LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA-SAN FRANCISCO

PATRICK CONNALLY, an individual; and DISABILITY RIGHT, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation,

Plaintiffs,

vs.

ALL STAR DOUGHNUTS; ALKAR PROPERTIES LLC, a limited liability company; HO CHAY LY and PAUL VAN LY, individuals dba ALL STAR DOUGHNUTS,

Defendants.

Case No. CV 08-02163 PJH
Civil Rights

**ALKAR PROPERTIES LLC'S ANSWER TO FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

Date:
Time:
Dept.:
Judge: Hon. Phyllis J. Hamilton
Date of first filing: April 25, 2008
Trial Date: None Set

Defendant ALKAR Properties LLC ("ALKAR") answers the Complaint of plaintiffs Patrick Connally and Disability Rights, Enforcement, Education, Services: Helping You Help Others ("DREES") (collectively, "Plaintiffs") as follows:

**INTRODUCTION:**

1. ALKAR admits that Plaintiffs seek injunctive relief and damages under the statutes listed in this paragraph but denies that Plaintiffs are entitled to that relief or damages. ALKAR denies the remaining allegations of Paragraph 1 of the Complaint.

2. ALKAR is without sufficient information or belief to admit or deny and on that basis denies that Connally is a person with physical disabilities and that he visited All Star Doughnuts on the dates indicated. ALKAR denies the remaining allegations of Paragraph 2 of the Complaint.

**JURISDICTION AND VENUE:**

3. ALKAR denies that the court should exercise pendant jurisdiction over Plaintiffs' state law claims. ALKAR admits the remaining allegations of Paragraph 3 of the Complaint.

4. ALKAR admits the allegations of Paragraph 4 of the Complaint.

**PARTIES:**

5. ALKAR is without sufficient information or belief to admit or deny the allegations of Paragraph 5 of the Complaint and on that basis denies each and every allegation of this paragraph.

6. ALKAR denies that DREES and its members, other than Connally, have standing to bring this action. ALKAR is without sufficient information or belief to admit or deny the remaining allegations of Paragraph 6 of the Complaint and on that basis denies those allegations.

7. ALKAR is without sufficient information or belief to admit or deny and on that basis denies that members of DREES, including Connally, have visited or will visit All Star Doughnuts. ALKAR denies the remaining allegations of Paragraph 7 of the Complaint.

8. ALKAR admits the allegations of Paragraph 8 of the Complaint.

9. ALKAR denies that ALKAR and Defendants Ho Chay Ly and Paul Van Ly own or have owned or operate or have operated All Star Doughnuts as a joint venture. ALKAR admits the remaining allegations of Paragraph 9 of the Complaint.

10. ALKAR admits that 28 Code of Federal Regulations, section 36.201(b), contains the language quoted in Paragraph 10. ALKAR denies the remaining allegations of Paragraph 10 of the Complaint.

**PRELIMINARY FACTUAL ALLEGATIONS:**

11. ALKAR admits that All Star Doughnuts is a bakery and that its public areas constitute a place of public accommodation or facility. ALKAR denies the remaining allegations of Paragraph 11 of the Complaint.

12. ALKAR is without sufficient information or belief to admit or deny the allegations of Paragraph 12 of the Complaint and on that basis denies each and every allegation of this paragraph.

13. ALKAR denies the allegations of Paragraph 13 of the Complaint.

14. ALKAR is without sufficient information or belief to admit or deny the allegations of Paragraph 14 of the Complaint and on that basis denies each and every allegation of this paragraph.

15. ALKAR is without sufficient information or belief to admit or deny the allegations of Paragraph 15 of the Complaint and on that basis denies each and every allegation of this paragraph.

16. ALKAR is without sufficient information or belief to admit or deny the allegations of Paragraph 16 of the Complaint and on that basis denies each and every allegation of this paragraph.

17. ALKAR is without sufficient information or belief to admit or deny the allegations of Paragraph 17 of the Complaint and on that basis denies each and every allegation of this paragraph.

18. ALKAR is without sufficient information or belief to admit or deny the allegations of Paragraph 18 of the Complaint and on that basis denies each and every allegation of this paragraph.

19. ALKAR is without sufficient information or belief to admit or deny the allegations of Paragraph 19 of the Complaint and on that basis denies each and every allegation of this paragraph.

20. ALKAR is without sufficient information or belief to admit or deny the allegations of Paragraph 20 of the Complaint and on that basis denies each and every

allegation of this paragraph.

21. ALKAR is without sufficient information or belief to admit or deny the allegations of Paragraph 21 of the Complaint and on that basis denies each and every allegation of this paragraph.

22. ALKAR is without sufficient information or belief to admit or deny the allegations of Paragraph 22 of the Complaint and on that basis denies each and every allegation of this paragraph.

23. ALKAR denies that barriers existed that denied legally-required access. ALKAR is without sufficient information or belief to admit or deny the remaining allegations of Paragraph 23 of the Complaint and on that basis denies those allegations.

24. ALKAR denies the allegations of Paragraph 24 of the Complaint.

25. ALKAR is without sufficient information or belief to admit or deny the allegations of Paragraph 25 of the Complaint and on that basis denies each and every allegation of this paragraph.

26. ALKAR denies the allegations of Paragraph 26 of the Complaint.

27. ALKAR denies the allegations in Paragraph 27 of the Complaint.

28. ALKAR denies the allegations of Paragraph 28 of the Complaint.

29. ALKAR denies the allegations of Paragraph 29 of the Complaint.

30. ALKAR denies the allegations of Paragraph 30 of the Complaint.

31. ALKAR denies the allegations of Paragraph 31 of the Complaint.

32. ALKAR denies the allegations of Paragraph 32 of the Complaint.

33. ALKAR admits that Plaintiffs seek the injunctive relief described in this paragraph but denies that Plaintiffs are entitled to that relief. ALKAR denies the remaining allegations of Paragraph 33 of the Complaint.

34. ALKAR admits that Plaintiffs seek the damages alleged in this paragraph but denies that Plaintiffs suffered those damages or are entitled to recover any damages. ALKAR denies the remaining allegations of Paragraph 34 of the Complaint.

35. ALKAR denies the allegations of Paragraph 35 of the Complaint.

36. ALKAR denies the allegations of Paragraph 36 of the Complaint.

37. ALKAR denies the allegations of Paragraph 37 of the Complaint.

38. ALKAR denies the allegations of Paragraph 38 of the Complaint.

39. ALKAR denies the allegations of Paragraph 39 of the Complaint.

40. ALKAR denies the allegations of Paragraph 40 of the Complaint.

## I. FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. § 12101, *ET SEQ.*)

41. ALKAR repleads and incorporates by reference, as if fully set forth herein, the responses contained in paragraphs 1 through 40 of this answer.

42. ALKAR admits the allegations of Paragraph 42 of the Complaint.

43. ALKAR denies that the language quoted in Paragraph 43 of the Complaint is contained in 42 U.S. Code, section 12102 (it is contained in section 12101). ALKAR admits the remaining allegations of Paragraph 43 of the Complaint.

44. ALKAR admits the allegations of Paragraph 44 of the Complaint.

45. ALKAR admits the allegations of Paragraph 45 of the Complaint.

46. ALKAR admits that 42 U.S. Code, section 12182(b)(2)(A), contains the language quoted in paragraph 46 of the Complaint. ALKAR denies the remaining allegations of Paragraph 46 of the Complaint.

47. ALKAR denies the allegations of Paragraph 47 of the Complaint.

48. ALKAR denies the allegations of Paragraph 48 of the Complaint.

49. ALKAR denies the allegations of Paragraph 49 of the Complaint.

50. ALKAR denies the allegations of Paragraph 50 of the Complaint.

51. ALKAR admits that 42 U.S. Code, sections 12188(a)(1) and 12182(b)(2)(A)(iv), contain the language quoted in paragraph 51 of the Complaint. ALKAR is without sufficient information or belief to admit or deny and on that basis denies that Connally has not returned to All Star Doughnuts since May 14, 2008. ALKAR denies the remaining allegations of Paragraph 51 of the Complaint.

52. ALKAR admits that Plaintiffs seek relief and fees under the statutes and

regulations listed in this paragraph but denies that Plaintiffs are entitled to that relief or fees. ALKAR denies the remaining allegations of Paragraph 52 of the Complaint.

## II. SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§ 54, 54.1 AND 54.3, *ET SEQ.*

53. ALKAR repleads and incorporates by reference, as if fully set forth herein, the responses contained in paragraphs 1 through 52 of this answer.

54. ALKAR admits the allegations of Paragraph 54 of the Complaint.

55. ALKAR admits the allegations of Paragraph 55 of the Complaint.

56. ALKAR admits the allegations of Paragraph 56 of the Complaint.

57. ALKAR admits that California Civil Code section 54.3(a) contains the language quoted in paragraph 57 of the Complaint. ALKAR denies the remaining allegations of Paragraph 57 of the Complaint.

58. ALKAR is without sufficient information or belief to admit or deny and on that basis denies that Connally visited All Star Doughnuts on the listed dates. ALKAR denies the remaining allegations of Paragraph 58 of the Complaint.

59. ALKAR denies the allegations of Paragraph 59 of the Complaint.

60. ALKAR denies the allegations of Paragraph 60 of the Complaint.

61. ALKAR denies the allegations of Paragraph 61 of the Complaint.

62. ALKAR denies the allegations of Paragraph 62 of the Complaint.

## III. THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE § 19955, *ET SEQ.*

63. ALKAR repleads and incorporates by reference, as if fully set forth herein, the responses contained in paragraphs 1 through 62 of this answer.

64. ALKAR admits the allegations of Paragraph 64 of the Complaint.

65. ALKAR admits that California Health & Safety Code section 19956 contains the language quoted in paragraph 65 of the Complaint. ALKAR denies the remaining allegations of Paragraph 65 of the Complaint.

66. ALKAR denies the allegations of Paragraph 66 of the Complaint.

67. ALKAR admits the allegations of Paragraph 67 of the Complaint.

68. ALKAR denies the allegations of Paragraph 68 of the Complaint.

69. ALKAR denies the allegations of Paragraph 69 of the Complaint.

70. ALKAR denies the allegations of Paragraph 70 of the Complaint.

**IV. FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE § 51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**

71. ALKAR repleads and incorporates by reference, as if fully set forth herein, the responses contained in paragraphs 1 through 70 of this answer.

72. ALKAR admits that California Civil Code section 51 contains the language quoted in paragraph 72 of the Complaint, except that the word "disability" is not in bold typeface in the statute. ALKAR denies the remaining allegations of Paragraph 72 of the Complaint.

73. ALKAR admits that California Civil Code section 51.5 contains the language quoted in paragraph 73 of the Complaint, except that the word "disability" is not in bold typeface in the statute. ALKAR denies the remaining allegations of Paragraph 73 of the Complaint.

74. ALKAR denies the allegations of Paragraph 74 of the Complaint.

75. ALKAR denies the allegations of Paragraph 75 of the Complaint.

**PRAYER:**

ALKAR denies each and every allegation set forth in Plaintiffs' prayer for relief and specifically denies that Plaintiffs are entitled to the relief requested or to any relief.

**<u>AFFIRMATIVE DEFENSES</u>**

**FIRST AFFIRMATIVE DEFENSE**

The removal of some or all of the barriers to access encountered by or known to Plaintiffs, if any, was and is not readily achievable.

**SECOND AFFIRMATIVE DEFENSE**

The removal of some or all of the barriers to access encountered by or known

to Plaintiffs, if any, would be an undue burden for ALKAR.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by the applicable statutes of limitations.

**FOURTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiffs encountered any barriers to access, ALKAR provided any and all readily achievable alternative means of access to Plaintiffs.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs have waived any and all of the claims alleged in the Complaint.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs are estopped from asserting any and all of the claims alleged in the Complaint.

**SEVENTH AFFIRMATIVE DEFENSE**

The Complaint, and each of its purported causes of action, fails to state facts sufficient to constitute a cause of action against ALKAR.

**EIGHTH AFFIRMATIVE DEFENSE**

ALKAR is informed and believes and thereon allege that the intentional, negligent and/or other acts or omission of persons and entities other than ALKAR, and over whom ALKAR exercised no control, were intervening and/or supervening causes of the harm and damages allegedly incurred by Plaintiffs, thereby eliminating or lessening harm caused by ALKAR, if any.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims against ALKAR are barred because Plaintiffs failed to mitigate their damages, if any.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiffs failed to provide ALKAR with adequate notice and/or the opportunity to respond, which would have reduced any alleged damages. Any amounts claimed by Plaintiffs must be reduced accordingly.

///

**ELEVENTH AFFIRMATIVE DEFENSE**

To the extent that removal of any of the barriers to access alleged by Plaintiffs would fundamentally alter the nature of All Star Doughnuts, ALKAR is not required to remove those barriers.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by the doctrine of Unclean Hands.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by the doctrine of laches.

**FOURTEENTH AFFIRMATIVE DEFENSE**

To the extent that any of the barriers to access alleged by Plaintiffs are in non-public areas of All Star Doughnuts (*e.g.*, employee-only areas), such barriers, if any, are not violations of any disabled access law.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs have no standing to the extent that they neither encountered nor have knowledge of barriers to access alleged in the Complaint.

**SIXTEENTH AFFIRMATIVE DEFENSE**

To the extent that removal of any of the barriers to access alleged by Plaintiffs would pose a direct threat to the health or safety of others, ALKAR is not required to remove those barriers.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

ALKAR has not knowingly or intentionally waived any applicable affirmative defenses and reserves the right to assert and rely on such other applicable affirmative defenses as may become available or apparent during discovery proceedings. ALKAR further reserves the right to amend its joint answer and/or affirmative defenses accordingly and/or to delete affirmative defenses that it determines are not applicable during the course of subsequent discovery.

///

///

**PRAYER FOR RELIEF**

**WHEREFORE,** ALKAR prays as follows:

1. That Plaintiffs take nothing by reason of this Complaint and that this Complaint be dismissed with prejudice;

2. That ALKAR be awarded costs of suit and attorneys' fees incurred in defense of this suit; and

3. For such other and further relief as the Court may deem just and proper.

Dated: July 14, 2008

ROGERS JOSEPH O'DONNELL

/s/ *Aaron P. Silberman*

By: ______________________________
AARON P. SILBERMAN

Attorneys for Defendant
ALKAR PROPERTIES LLC